Pedro Salvador Fierro ANAYA, Appellant,

v.

The STATE of Texas, Appellee.

No. 48179.

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 17, 1974.

Dick Stengel, El Paso (Court appointed on appeal), for appellant.

Steve W. Simmons, Dist. Atty., Gary B. Weiser and Albert G. Weisenberger, Asst. Dist. Attys., El Paso, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

RALEIGH BROWN, Commissioner.

Appellant was convicted of the offense of theft of property over the value of fifty dollars; punishment was enhanced under Article 63, Vernon's Ann.P.C., and a life sentence was assessed.

Appellant urges as his first ground of error the court's error in assessing punishment at life after accepting the jury's assessment of punishment of six years.

After finding the appellant guilty at the first stage of the bifurcated trial, the jury in the case at bar returned two verdicts at the penalty stage of the trial signed by the foreman. The first found that appellant was guilty of the primary offense and fixed his punishment at six years. The second found appellant guilty of the primary offense and further found he had been twice duly and legally convicted of a felony less than capital as alleged in the indictment for enhancement of punishment.[1]

The court disregarded the first verdict fixing punishment and gave application to Article 63, V.A.P.C., in fixing the punishment at life.[2]

Appellant contends that since the court accepted both verdicts, this made them so uncertain and contradictory as to not support a judgment. We disagree. This contention was answered by this court in Beyer v. State, 172 Tex.Cr.R. 279, 356 S.W. 2d 436 (1962), as follows:

"Since the court accepted verdict #1, which in effect found that appellant was

---

1. The charge at the penalty stage instructed the jury in part:

    "Unless you find from the evidence all the matters inquired about in paragraph two above (the allegations as to the prior convictions) beyond a reasonable doubt, or if you have a reasonable doubt as to any of such matters so inquired about therein, then you will restrict your consideration to the matter of punishment for the offense of Theft of Property of the Value of Fifty Dollars and Over in accordance with the instructions in paragraph one above" (setting out penalty for primary offense).

    The court further instructed:

    "There can be but one verdict returned by the jury, which must be unanimously agreed to by all the members and signed by your foreman."

2. Both verdicts, however, were set forth in the judgment.

not the same person who had been convicted in the prior case alleged for enhancement, this Court must accept such finding and cannot uphold the ten-year judgment imposed by the court. But it does not necessarily follow that we must reverse the conviction because we have a finding of guilt as to the primary offense plus the fixing by the jury of a definite term of imprisonment. Our attention has been directed to no case directly in point. After careful consideration, we have concluded that it becomes our duty to reform the judgment to find appellant guilty of the primary offense and give application to that portion of the verdict which fixes his punishment at confinement for three years."

■ The judgment in the instant case is reformed so as to provide for a punishment of six years and the sentence is reformed to read "not less than two nor more than six years." It is so ordered. .

■ In another ground of error the appellant complains that there was a fatal variance between the allegations in the indictment and the proof offered. The indictment alleged the aggregate value of several articles of non-uniform value and the value of each article. The proof offered showed the theft of all the articles and an aggregate value of over $50.00. We hold the evidence was sufficient to support the allegations in the indictment and sustain the conviction. See Price v. State, 493 S.W.2d 528 (Tex.Cr.App.1973).

Appellant further claims the court erred in admitting photographs of the stolen property on the basis of the best evidence rule. His objection during the trial upon the state's offer of the photographs was that they had not been properly identified as the items taken on the date, nor was the photographer who took the picture there to testify. Our examination of the record reflects the trial court was correct in its overruling of the objection.

The ground of error is overruled.

Having considered all grounds of error and no reversible error appearing, the judgment as reformed herein is affirmed.

Opinion approved by the Court.