**Armando Mendoza NEVAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–83–00099–CR.

Court of Appeals of Texas, El Paso.

April 11, 1984.

Jaime E. Gandara, El Paso, for appellant.

Luther Jones, County Atty., El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a misdemeanor conviction for driving while intoxicated. The jury assessed punishment at twenty-one days confinement (not probated) and a

fine of $500.00 (probated). Appellant's license was suspended. We reverse and remand.

In Ground of Error No. One, Appellant complains that, over objection, the State was permitted to introduce evidence of his refusal to submit to a breathalyzer test. The State relies exclusively upon the Supreme Court decision in *South Dakota v. Neville*, 459 U.S. 553, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). *Neville* simply provided that a South Dakota statute which authorized introduction of such evidence was not repugnant to the Fifth Amendment to the United States Constitution. The Supreme Court position in *Neville* is that introduction of such evidence is a matter of state law. The Texas proscription is founded upon state authority independent of the Fifth Amendment. *Dudley v. State*, 548 S.W.2d 706 (Tex.Cr.App.1977); *Casselberry v. State*, 631 S.W.2d 542 (Tex.App.—El Paso 1982, PDRR); Tex. Const. art. I, sec. 10; Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1979 and Supp.1984).

■ The present version of Tex.Rev.Civ. Stat.Ann. art. 67011–5, sec. 3(g) (Vernon Supp.1984) permits evidence of test refusal to be introduced in criminal proceedings. The effective date of this statutory provision is January 1, 1984. The arrest, "refusal" and trial in this cause all occurred prior to that date. Sections 28(a) and (c) of the amendatory act which brought about this change expressly provide that administrative proceedings are to be governed by the law in effect at the time of refusal to take the test; criminal proceedings by the law in effect at the time of the offense. Act of June 16, 1983, ch. 303, secs. 28(a) and (c), 1983 Tex.Sess.Law Serv. 1568, 1577, 1607 (Vernon). It would have been error to introduce evidence of Appellant's refusal to undertake the test in the present trial.

■ Both sides, however, have placed an improper characterization upon the evidence submitted. We first note that no challenge to admissibility was founded upon voluntariness or failure to warn. Officer Tabbutt testified that upon arrival at the police station, he explained the test procedure and administrative consequences of refusal to the Appellant. Appellant agreed to undertake the test. The officer testified that a steady flow of breath for five seconds is required to produce a valid test result. An indicator light confirms the requisite volume of breath. Appellant blew into the instrument on three occasions. Insufficient breath was produced to trigger the light. After admonitions to blow harder, Officer Tabbutt, in his report, characterized the result as a refusal to take the test. Appellant testified that he did not refuse to take the test. He voluntarily attempted to comply three times. Due to asthma, he was unable to produce more breath for the test. No alternate test of blood-alcohol content was offered or administered.

Officer Tabbutt's characterization seems to have dominated the evidentiary thinking of both the prosecutor and defense counsel, but the consistent testimony of Tabbutt and the Appellant does not depict a refusal to take the test. In a light most favorable to the State, the evidence disclosed a voluntary attempt to deceive the test device. From the defense standpoint, Appellant voluntarily undertook the test to the best of his physical ability, hampered by an asthmatic condition. No other opportunity to substantiate his blood-alcohol level was afforded him. This does not present a case of improperly introducing evidence of refusal to test, proscribed by *Dudley*. Ground of Error No. One is overruled.

■ In Grounds of Error Nos. Two and Three, Appellant complains of the introduction of testimony from the arresting officer that Appellant was issued traffic citations for failure to yield right-of-way and failure to maintain financial responsibility. A description of the conduct constituting failure to yield right-of-way may be admissible on the issue of the extent to which the driver's mental and physical faculties have been impaired by alcohol consumption. The issuance of a traffic citation is not admissible for that purpose. Nor is there any basis for introducing evidence of lack of financial

responsibility. Ground of Error No. Two is sustained.

In light of the automobile accident which gave rise to the arrest and charge in this case, the prejudicial effect of the introduction of these traffic citations required a clear instruction to disregard in order to cure the error. The trial court overruled repeated defense objections and gave an ambiguous limiting instruction to the jury. This was insufficient to cure the error. Ground of Error No. Three is sustained.

■ In Ground of Error No. Four, Appellant complains of the introduction of an extraneous offense of driving while intoxicated the night before this alleged offense occurred. On direct examination, Appellant testified that he and his wife attended a surprise birthday party beginning at 3:00 p.m. Sunday, February 13. He consumed seven to ten beers before he and his wife returned home at 8:30 p.m. He went to bed at 10:00 p.m., but woke up at about 1:30 a.m., consumed two more beers and returned to bed at 2:30 a.m. At 8:30 a.m. Monday, February 14, he drove his daughter to school. At 11:30 a.m., he was en route to school to pick her up when the accident occurred. Appellant offered testimony of his beer consumption to explain the odor of alcohol on his breath. This did open the door to cross-examination in greater detail as to the sequence and quantity of alcohol consumption. It did not, however, open the door to State suggestion of an extraneous offense by eliciting testimony from Appellant's wife that he had driven home after the birthday party. Ground of Error No. Four is sustained.

■ In Ground of Error No. Five, Appellant contends that the court improperly commented on the weight of the evidence by overruling his motion for directed verdict at the close of the State's case-in-chief in the presence of the jury. Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979). Appellant's counsel made the motion in the presence of the jury, without requesting that they be retired. No objection was made to the court's action. No error was preserved for appellate review. *Hovila v.*

*State,* 562 S.W.2d 243 (Tex.Cr.App.1978), *cert. denied,* 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979). Ground of Error No. Five is overruled.

Grounds of Error Nos. Six, Seven and Eight all address the court's handling of the punishment verdict forms which the jury returned. No objection was lodged by either side to the first form submitted. The top portion of the form, labeled "VERDICT OF THE JURY" reflects the following:

. . . we assess his punishment at:

(a) A fine of $_____

weeks (b) Imprisonment in jail for a term of <u>Three (3)</u>
(handwritten) and do not recommend probation.

<u>Albert Cueto</u>
FOREMAN OF THE JURY

A second section in the middle of the page, also denominated "VERDICT OF THE JURY," reflects:

. . . We assess his punishment at:

(a) A fine of <u>$500</u>

(b) Imprisonment in jail for a term of _____.
We recommend that the <u>fine</u>
(fine, imprisonment or fine and imprisonment)
be probated.

<u>Albert Cueto</u>
FOREMAN OF THE JURY

The State moved for judgment on the verdict, urging that it was in proper form and clearly conveyed the jury's intent. The defense presented no clear objection to the verdict or the court's subsequent action. At first, defense counsel urged that the probation recommendation govern the entire verdict. Based upon the former provisions of Article 6701l-1, he contended that the jury could not split its probation decision between fine and imprisonment. Initially, he agreed to submission of a second verdict form, objecting only to the substance of the court's clarifying instructions. He then argued that an irreconcilable verdict had been reached and asked for a mistrial.

The court interpreted the first jury result as a desire to assess both fine and imprisonment and extend probation as to the fine only. The jury apparently construed the form as one verdict and not two. Despite this logical interpretation, the court ex-

pressed a concern that, procedurally, the jury had returned two conflicting verdicts. *Anaya v. State*, 507 S.W.2d 561 (Tex.Cr. App.1974); *Beyer v. State*, 172 Tex.Cr.R. 279, 356 S.W.2d 436 (Tex.Cr.App.1962). He brought the jury back in and provided them with a second jury form. With defense counsel's agreement, he directed that they resume deliberation and asked that any period of confinement assessed be expressed in days as opposed to weeks. The jury promptly returned with only the second (center) portion of the page filled out, assessing a fine of $500.00 and confinement for twenty-one days, probating the fine alone.

■ Addressing first the contention that Article 67011–1 governs punishment in DWI cases to the exclusion of Tex.Code Crim.Pro.Ann. art. 42.13, we reject Appellant's argument. The two statutes are not conflicting and should be read and applied in conjunction. The jury may now split its probation recommendation between fine and imprisonment. *See also: McGinley v. State*, 671 S.W.2d 89, decided this same date by this Court.

■ With regard to the first verdict returned, we find that it was neither vague, indefinite nor conflicting. The intent of the jury was readily discernible. *Batten v. State*, 549 S.W.2d 718 (Tex.Cr.App.1977); *Blackwell v. State*, 510 S.W.2d 952 Tex.Cr. App.1974). It was, therefore, unnecessary to present the jury with a new form and require redeliberation. Even if this were construed as error, it would be harmless. Fortunately, the second verdict form confirms what was obviously the jury's intent as expressed in the first verdict form. Had the second verdict differed, the first verdict, being proper, would have provided a basis for reformation by this Court. *Anaya, supra; Beyer, supra*. We perceive no need to reform because of the difference between "three weeks" and "twenty-one days." Grounds of Error Nos. Six, Seven and Eight are overruled.

The judgment is reversed and the cause remanded for new trial.