TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00178-CR







Troy Bryan Odom, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 445,279, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







 Appellant Troy Bryan Odom was convicted by a jury of the misdemeanor offense of driving
while intoxicated. Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1998). The trial court sentenced
appellant to 160 days confinement, probated for 24 months, and a fine. On appeal, appellant asserts five
points of error challenging the conviction. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On August 29, 1995, just after 3:00 a.m., Austin Police Officer John Wills heard the sound
of a vehicle screeching its tires several times in a row. He quickly identified the vehicle as a dark pickup
truck. Wills observed the truck turn the wrong way down a one-way street, come to another screeching
halt, and then turn off the one-way street. At that point Wills stopped the truck and asked its driver,
appellant, to exit the vehicle.

 Wills stated that appellant had a difficult time getting out of the truck and had to use the
truck for support as he got out and stood beside it. Wills and backup Officer Walter Harrison, who arrived
shortly after Wills stopped the truck, testified appellant smelled of alcohol, had a flushed face, used slurred
speech, and had glassy, bloodshot eyes. Wills discovered cold beer and a three-quarters-empty bottle of
whiskey in the cab of the truck. Both officers testified that appellant was very argumentative, directed a
constant stream of profanity at them, and repeatedly, proudly stated that he had been arrested several times
for driving while intoxicated but had beaten the charge each time. After failing field sobriety tests, appellant
was arrested and transported to the police station. Once there, he refused to take a breath test, but a
videotape was made of him taking various sobriety tests. Appellant testified he had three or four beers
earlier that evening, between 5:00 p.m. and 9:00 p.m. at a friend's house, but drank no more alcohol after
that time. Appellant denied he was intoxicated and blamed his behavior on his anger at being placed under
arrest.

 At trial the jury heard testimony from the two officers, appellant, and the police
department's intoxilyzer operator who had observed appellant while at the police station. The jury also
watched the videotape made of appellant at the police station. After hearing all the evidence and argument,
the jury found appellant guilty of driving while intoxicated, and the judge imposed the punishment. In five
points of error, appellant asserts the trial court erred by: (1) admitting into evidence appellant's statements
that he had previously been arrested several times for DWI but had gotten off each time, (2) holding that
the probative value of his previous-DWIs statements was not substantially outweighed by their prejudicial
value, (3) denying appellant's request for a limiting instruction to the jury at the time appellant's previous-DWIs statements were admitted into evidence, (4) overruling appellant's objection to the charge of the
court for failing to include a limiting instruction concerning appellant's previous-DWIs statements, and (5)
failing to grant a new trial as a result of the police-station videotape being lost after trial.


DISCUSSION

 Points of error one through four complain of the failure of the trial court to exclude, or at
least to give limiting instructions concerning, testimony revealing appellant's statements regarding his
previous DWI arrests. In reviewing a trial court's evidentiary rulings, an appellate court should not set
those rulings aside absent an abuse of discretion. Montgomery v. State, 810 S.W.2d 372, 390 (Tex.
Crim App. 1991) (opin. on reh'g); Blakeney v. State, 911 S.W.2d 508, 513 (Tex. App.--Austin 1995,
no pet.). Appellant asserts that the trial court abused its discretion when it admitted testimony concerning
the statements and improperly refused to give a limiting instruction to the jury either following the
objectionable testimony or in the jury charge.

 Appellant points out that there was testimony concerning his previous-DWI statements on
three occasions: first, in testimony by Officer Wills on direct examination, second, on direct and cross-examination testimony by Officer Harrison, and third, during appellant's own cross-examination. The State
asserts that appellant waived error because evidence of the statements was introduced later from another
source (namely appellant himself) without objection. See Massey v. State, 933 S.W.2d 141, 149 (Tex.
Crim. App. 1996). However, we believe the record contains a sufficient objection following each
presentation of evidence concerning the statements. The State also asserts appellant's running objection
preserved error only as to "other comments" made to Officer Wills apart from appellant's previous-DWIs
statements, such that defense counsel's later reference to his running objection did not preserve error as
to the previous-DWIs statements. Our review of the record, however, convinces us that appellant's
running objection referred to his comments including the previous-DWIs statements. In sum, we conclude
that error was preserved.

 In explaining how the trial court erred, appellant invokes three rules of evidence. First,
appellant asserts the testimony concerning the previous-DWIs statements was improper because it does
not meet the relevancy requirement of Tex. R. Crim. Evid. 401. He contends his previous arrests and the
fact that he beat those charges do not make it any more probable that he was intoxicated on the night of
this arrest. In Shipman v. State, 604 S.W.2d 182 (Tex. Crim. App. 1980), the State presented evidence
the defendant had prior convictions for DWI. The court concluded the prior convictions were "not legally
relevant to the offense for which he was being tried" and reversed the conviction. Id. at 184; see Blakeney,
911 S.W.2d at 514 (court abused its discretion in admitting evidence that appellant had been in prison);
Neverez v. State, 671 S.W.2d 90, 93 (Tex. App.--El Paso 1984, no pet.) (court abused its discretion
in admitting evidence that appellant had driven while intoxicated the previous evening).

 Second, appellant asserts the evidence should have been excluded under Tex. R. Crim.
Evid. 404(b), which prohibits evidence introduced "to prove the character of a person in order to show
he acted in conformity therewith." Appellant suggests the State introduced evidence that he had previously
been arrested for DWI to show he was also driving while intoxicated on the night in question. Appellant
also maintains the previous-DWIs statements should not be admitted under the "same transaction contextual
evidence" exception to Rule 404(b). See Rogers v. State, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). 
Under that exception, such evidence is admissible only if the facts and circumstances of the offense on trial
would make little or no sense without bringing in the same transaction contextual evidence. Id. Appellant
asserts that because the officers in the present case were able to testify about their observations of his
driving and behavior, the exclusion of this evidence would not have resulted in a diminished understanding
of the facts and circumstances of the offense. See id. at 34 (defendant's admission to possessing marijuana
at time of arrest was simply not necessary to jury's understanding of burglary and possession of
methamphetamine offenses).

 Third, appellant argues testimony concerning his statements should have been excluded
because "its probative value is substantially outweighed by the danger of unfair prejudice." Tex. R. Crim.
Evid. 403; see Montgomery, 810 S.W.2d 372, 392-93 (Tex. Crim. App. 1991) (opin. on reh'g) (factors
to consider in applying Rule 403 to evidence of misconduct include whether state had other convincing
evidence to establish ultimate issue to which extraneous misconduct was relevant, whether probative value
of misconduct was not, either alone or in combination with other evidence, particularly compelling, and
whether misconduct was of such a nature that jury instruction to disregard it for any but its proffered
purpose would not likely have been efficacious). Appellant asserts that the previous-DWIs statements had
little probative value because they could just as easily have been made by someone who was angry and
frustrated at being arrested as by someone who was intoxicated. Appellant also points to all the other
evidence presented by the State and asserts that the statements added little or nothing of probative value
to the State's case. Finally, appellant contends the admission of evidence that he had beaten similar
charges six times previously would have inflamed the jury, creating unfair prejudice against him.

 Even if we assume that evidence of appellant's previous-DWIs statements was improperly
admitted, we conclude that the error did not affect a substantial right of the appellant. See Tex. R. App.
P. 44.2(b). A substantial right is affected when an error has a substantial and injurious effect or influence
in determining the jury's verdict. Kotteakos v. U.S., 328 U.S. 750, 776 (1946); King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). We view the assumed error in relation to the entire
proceeding.

 Appellant himself testified he had been drinking earlier that evening. There was other
testimony that his driving was impaired, he smelled of alcohol, had alcohol in his truck, failed sobriety tests,
had the appearance of intoxication, and spoke in a slurred manner. The State argued that appellant's
profane language and outrageous statements, including the boasts of having beaten previous DWI charges,
showed intoxication. During trial, the State did not emphasize the content of the previous-DWIs
statements, but focused on the proposition that, under the particular circumstances, only an intoxicated
person would have made the statements at all. In light of the entire proceeding and the whole body of
evidence, we cannot conclude that the complained-of statements had a substantial or injurious influence on
the jury's decision. Therefore, assuming without deciding that evidence concerning the statements was
inadmissible or at least warranted limiting instructions, we find no harm. Points of error one through four
are overruled.

 In his fifth point of error, appellant asserts that the loss of the videotape shown at trial
demands the granting of a new trial. The applicable rule of appellate procedure states that an appellant is
entitled to a new trial only under certain circumstances:


(1) if the appellant has timely requested a reporter's record;


(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court
reporter's notes has been lost or destroyed or--if the proceedings were electronically
recorded--a significant portion of the recording has been lost or destroyed or is inaudible;


(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or
destroyed exhibit, is necessary to the appeal's resolution; and


(4) if the parties cannot agree on a complete reporter's record.



Tex. R. App. P. 34.6(f) (emphasis added). The use of the word "and" at the end of the third item indicates
that all four circumstances must be present to entitle a defendant to a new trial on that basis.

 The key issue here is whether the videotape is necessary in order for this Court to perform
the above harm analysis. At trial the officers described the contents of the videotape. The officers testified
appellant presented himself better while on videotape than previously, but that even on the videotape
appellant failed sobriety tests as he was unable to touch the tip of his nose (he kept missing his nose and
touching his moustache) and unable to place his feet on a line heel-to-toe.

 Furthermore, appellant did not controvert the officers' characterization of the videotape,
but provided the following testimony concerning the videotape:


Prosecutor: Mr. Odom, has your attorney showed you the videotape?


Appellant: Yes, ma'am.


Prosecutor: Have you reviewed it?


Appellant: Yes, ma'am.


Prosecutor: You want the jury to believe that your performance on that videotape is how you would normally perform those tests?


Appellant: I can't say I could do any of those tricks any better today than I did then.


Prosecutor: You can't touch your nose when you're not intoxicated?


Appellant: I can't say I'm going to do it right on the spot like he wanted it.


Prosecutor: You think your mustache is your nose, Mr. Odom?


Appellant: It's not far from it.



 Appellant has presented this Court with no reason why an inability to view the videotape
would affect the result of our harm analysis. Considering the testimony relating to the videotape and the
time and emphasis spent on it as evidence at trial, we cannot say its presence is necessary to the resolution
of this appeal. Cf. Gomez v. State, No. 1244-95, slip op. at 13 (Tex. Crim. App. February 4, 1998)
(finding loss of exhibits did not, under circumstances, impede court's review of record). Point of error five
is overruled.


CONCLUSION

 Having overruled appellant's five points of error, we affirm the judgment of the trial court.



 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Jones and Kidd; Chief Justice Carroll not participating

Affirmed

Filed: March 5, 1998

Do Not Publish



in a slurred manner. The State argued that appellant's
profane language and outrageous statements, including the boasts of having beaten previous DWI charges,
showed intoxication. During trial, the State did not emphasize the content of the previous-DWIs
statements, but focused on the proposition that, under the particular circumstances, only an intoxicated
person would have made the statements at all. In light of the entire proceeding and the whole body of
evidence, we cannot conclude that the complained-of statements had a substantial or injurious influence on
the jury's decision. Therefore, assuming without deciding that evidence concerning the statements was
inadmissible or at least warranted limiting instructions, we find no harm. Points of error one through four
are overruled.

 In his fifth point of error, appellant asserts that the loss of the videotape shown at trial
demands the granting of a new trial. The applicable rule of appellate procedure states that an appellant is
entitled to a new trial only under certain circumstances:


(1) if the appellant has timely requested a reporter's record;


(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court
reporter's notes has been lost or destroyed or--if the proceedings were electronically
recorded--a significant portion of the recording has been lost or destroyed or is inaudible;


(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or
destroyed exhibit, is necessary to the appeal's resolution; and


(4) if the parties cannot agree on a complete reporter's record.



Tex. R. App. P. 34.6(f) (emphasis added). The use of the word "and" at the end of the third item indicates
that all four circumstances must be present to entitle a defendant to a new trial on that basis.

 The key issue here is whether the videotape is necessary in order for this Court to perform
the above harm analysis. At trial the officers described the contents of the videotape. The officers testified
appellant presented himself better while on videotape than previously, but that even on the videotape
appellant failed sobriety tests as he was unable to touch the tip of his nose (he kept missing his nose and
touching his moustache) and unable to place his feet on a line heel-to-toe.

 Furthermore, appellant did not controvert the officers' characterization of the videotape,
but provided the following testimony concerning the videotape:


Prosecutor: Mr. Odom, has your attorney showed you the videotape?


Appellant: Yes, ma'am.


Prosecutor: Have you reviewed it?


Appellant: Yes, ma'am.


Prosecutor: You want the jury to believe that your performance on that videotape is how you would normally perform those tests?


Appellant: I can't say I could do any of those tricks any better today than I did then.


Prosecutor: You can't touch your nose when you're not intoxicated?


Appellant: I can't say I'm going to do it right on the spot like he wanted it.


Prosecutor: You think your mustache is your nose, Mr. Odom?


Appellant: It's not far from it.