Diane Marie MALKOWSKY, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 01–00–01277–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 16, 2001.

Paul Mewis, Houston, for Appellant.

Daniel W. Leedy, Asst. Dist. Atty., Travis J. Koehn, Crim. Dist. Attorney-Austin County, Bellville, Kevin M. Givens, Supervising Atty., ALR Appeals, Austin, for Appellee.

Panel consists of Justices COHEN, BRISTER,[1] and SMITH[2].

## OPINION

JACKSON B. SMITH, Jr., Justice (Assigned).

Diane Marie Malkowsky appeals the trial judge's order sustaining the administrative suspension of her driver's license for driving while intoxicated (DWI). We affirm.

## Procedural Background

Malkowsky's license was automatically suspended for refusing a breath test after having been stopped on suspicion of DWI. *See* TEX.TRANSP.CODE ANN. §§ 724.032, 724.035(a)(1) (Vernon 1999). The "refusal" was caused by her not blowing a sufficient specimen despite multiple attempts, which failure she admits was due solely to her intoxication. At a contested case hearing, an administrative law judge (ALJ) upheld the suspension. *See* TEX.TRANSP.CODE ANN. § 724.043(a) (Vernon 1999); 1 TEX.ADMIN.CODE § 159.31 (2001). The county court affirmed the ALJ's ruling. *See* TEX. TRANSP.CODE ANN. §§ 524.041(a), (b), 724.047 (Vernon 1999); 1 TEX.ADMIN.CODE § 159.37(a) (2001). Malkowsky appeals. We have jurisdiction over this appeal. *See* *Texas Dept. of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001).

## Refusal of Breath Test

In issue one, Malkowsky claims the trial judge erred in affirming the license suspension because she never refused the breath test. *See* TEX.TRANSP.CODE ANN. § 724.042(4) (Vernon 1999); 1 TEX.ADMIN.CODE § 159.19(a)(1)(B)(iv) (2001) (both making refusal to submit a breath specimen an issue at a contested-case hearing on a driver's license suspension). We disagree.

We review de novo because the facts are undisputed. TEX.GOV'T CODE ANN. § 2001.174(2)(D) (Vernon 2000); *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994). An officer must serve notice of a person's license suspension if the person "refuses to submit to the taking of a [breath] specimen, whether expressly *or because of an intentional failure of the person to give the specimen....*" TEX. TRANSP.CODE ANN. § 724.032(a) (Vernon 1999) (emphasis added).

The ALJ found as follows:

There is no evidence that Defendant's mental and physical state was a consequence of anything, other than the consumption of alcohol. Based on this, the Court finds that Defendant's physical condition was voluntarily induced; therefore, this Court further finds that after being requested to submit a specimen of breath, by her failure to produce an adequate specimen for testing, Defendant refused, as is demonstrated by the peace officer's signed statement on the warning form, and by the testimony of Deputy Palmer.

██ The question is whether Malkowsky's "failure" to give a breath specimen

---

1. The Honorable Scott Brister, who became Chief Justice of the Fourteenth Court of Appeals on July 16, 2001, continues to sit by assignment for the disposition of this case, which was submitted on April 23, 2001.

2. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

solely because of her intoxication was a "refusal" under the statute. It is undisputed that Malkowsky never expressly refused. On the contrary, the State's own witness testified unequivocally that Malkowsky (1) expressly agreed to give a breath specimen, (2) twice failed in good faith efforts to do so, (3) was not trying to deceive him about her ability to blow the sample, and (4) could not do so solely because of her intoxication and not because of any other medical condition. Malkowsky obviously did not expressly refuse. The statute, however, provides a specialized meaning for "refused" that differs from the conventional meaning. The statute provides for license suspension upon refusal "because of an intentional failure of the person to give the specimen." Even though Malkowsky does not contest the fact that she was intoxicated, she does contest the ALJ finding that her inability to blow due to intoxication constitutes an "intentional failure" to give the specimen.

▮ It is incumbent upon us in construing a statute to attempt to determine the Legislature's intent. *See, e.g., Meritor Automotive, Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 89 (Tex.2001). Under the specific facts of this case, we hold that failure to produce an adequate breath sample based solely on one's voluntary intoxication is a refusal under section 724.032 because it is "an intentional failure … to give the specimen." *See* TEX.TRANSP.CODE ANN. § 724.032(a). By analogy, voluntary intoxication does not negate the intent or knowledge elements of criminal conduct. *See, e.g.,* TEX.PENAL CODE ANN. § 8.04(a) (Vernon 1994); *Rojas v. State,* 986 S.W.2d 241, 247 (Tex.Crim.App.1998). Neither will voluntary intoxication prevent an act from being intentional within the meaning of an insurance policy's intentional-conduct exclusion. *See Wessinger v. Fire Ins. Exch.,* 949 S.W.2d 834, 839–40 (Tex.App.— Dallas 1997, no writ). Public policy will not allow Malkowsky to benefit from her intoxication. *See id.* at 840 ("From these cases, we glean a general policy in Texas not to excuse conduct simply because the actor was voluntarily intoxicated."); *cf. Scott v. Gardner,* 137 Tex. 628, 156 S.W.2d 513, 517 (1941) (in negligence case, stating, "To hold otherwise would be to put a premium upon drunkenness."); *In re Matherly,* 177 W.Va. 507, 354 S.E.2d 603, 605 (1987) (in holding driver's silence was a refusal, explaining, "Second, the extreme state of inebriation in which the driver may find himself at the time he is asked to take the test cannot be attributed to divine intervention or the work of Descartes' [D]emon."); *People v. Carlyle,* 130 Ill. App.3d 205, 85 Ill.Dec. 595, 474 N.E.2d 9, 13 (1985) (in holding driver, who claimed incomprehension prevented his express refusal, had nonetheless "refused," explaining, "To require an express refusal under these facts would exempt from the statutory coverage the precise class of persons— the drunken drivers—whom the implied consent statute was intended to determine and remove from our highways. Such a narrow construction … under these facts would lead to the absurd result of exempting the very intoxicated driver from the penalty provided for refusal to comply …").

Malkowsky relies on *Nevarez v. State,* a DWI case. 671 S.W.2d 90 (Tex.App.—El Paso 1984, no pet.). Malkowsky's reliance on *Nevarez* is misplaced for several reasons. First, *Nevarez* was a DWI case, and the defendant's refusal to take a breath test was inadmissible as a matter of law at that time. *Id.* at 92. Second, the defendant in *Nevarez* explained that the failure to pass the breath test was because of an asthmatic condition. *Id.* Finally, in *Nevarez* the defendant contested the allegation of intoxication, while in the present case the defendant does not contest the ALJ finding of intoxication. *Id.*

Malkowsky's sole excuse is that she did not refuse to take the breath test. On the contrary, she asserts that she could not pass the breath test because she was intoxicated. Malkowsky places no evidentiary weight upon the fact that her intentional acts of alcoholic consumption that evening made her so intoxicated that she could not comply with the law by giving an adequate breath sample. As stated above, we hold that failure to produce an adequate breath sample, for the sole reason that the person is unable to comply because of his voluntary intoxication, is a refusal to give a breath sample as required by section 724.032.

Accordingly, we hold the trial judge did not err in affirming the ALJ's determination that Malkowsky refused to provide a breath sample.

We overrule issue one.

We affirm the judgment.

The remaining portion of the opinion does not meet the criteria for publication and is ordered unpublished. Tex.R.App.P. 47.

Justice COHEN, dissenting.

COHEN, Justice, dissenting.

The majority's decision constitutes sound public policy. Were I a legislator, I would vote for it. As a judge, I cannot bring myself to do so, for that would require me to hold that this statute means the opposite of what it says.

I have railed against drunk drivers for years. *See* Cohen, *The Case for Admit-* *ting Evidence of Refusal to Take a Breath Test,* 6 Tex.Tech.L.Rev. 927 (1975). But there is a greater danger, I believe, in ruling that words mean nothing—or worse, that they mean the opposite of what they say.

Our law is clear. A driver's license will be suspended if she "refuses to submit to the taking of a [breath] specimen, whether expressly or because of an intentional failure of the person to give the specimen...." *See* TEX. TRANSP. CODE ANN. § 724.032(a) (Vernon 1999). Malkowsky did not do that. She did not refuse. She expressly consented. She did not "intentionally fail" to give a specimen. She repeatedly tried in good faith to do so. That is the unequivocal testimony of Deputy Palmer, the State's witness. He testified Malkowsky was not trying to deceive him.

Malkowsky did the opposite of what the statute condemns, yet, according to the majority, her express consent nevertheless constitutes an implicit refusal. Under the statute's plain language, Malkowsky should win. The judgment should be reversed.

The legislature cannot foresee everything, and I doubt it foresaw these facts. I have found no case like this, despite a national search.[1] That gives us no commission to legislate, however. Nor do we need to. Malkowsky's license can be seized after she is convicted, if she is. Until then, the threat to her of an additional one year in jail for another DWI

---

1. The majority's cases are all different. In *Matherly,* the defendant kept silent. He never agreed to give a breath sample, and he never tried to give one. 354 S.E.2d at 604–06. In *Carlyle,* the defendant never consented, he never tried to give a breath sample, and the police took that as a refusal. 85 Ill.Dec. 595, 474 N.E.2d at 9, 10–12. That is the opposite of what Malkowsky did. The majority's reliance on criminal law and insurance law cases is misplaced. In those cases, the offenders argued that, *but for* their intoxication, they would not have done the act, *i.e.,* that their intoxication negated their intention. Those courts correctly held that voluntary intoxication was no defense. Malkowsky argues that, *despite* her intoxication, she still consented to a breath sample, *i.e.,* that her intoxication affected her physical ability, not her mental state. Section 724.032 sanctions drivers only for their bad intention, not for their lack of physical ability to comply.

should be a greater deterrent than the lesser sanctions provided for the offense of driving while her license is suspended. The public is protected. The legislature and the English language are respected.