Opinion issued May 28, 2009









                    





     


In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00735-CV




ROBERT ALLAN KENNEDY, Appellant

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee




On Appeal from the County Court at Law No. 1
Galveston County, Texas
Trial Court Cause No. 59297




MEMORANDUM OPINION

          Appellant, Robert Allan Kennedy, appeals from the trial court’s order
sustaining the administrative suspension of his driver’s license for refusing to submit
to breath alcohol testing after having been stopped on suspicion of driving while
intoxicated (“DWI”).


 
          We affirm.
Background
          On April 1, 2008, Officer K. Mach of the Friendswood Police Department
found appellant asleep behind the wheel of his truck at the intersection of
Friendswood Drive and Parkwood. Appellant was stopped, facing westbound in the
eastbound lanes of traffic. Officer Mach reached through appellant’s open window
and shifted the truck, which was still in drive, into the park position, and roused
appellant. Appellant had red, watery eyes and a strong odor of alcohol about him. 
Officer Mach asked appellant how much he had had to drink. Appellant responded,
“not enough,” and indicated that he was trying to get to another bar. Officer Mach
asked appellant whether he realized that he had been found in the roadway, and
appellant responded in the negative. 
          During her administration of the standard field sobriety tests, Officer Mach
observed that appellant was unable to balance on either leg and was unable to walk
in a heel-to-toe fashion. Appellant informed Officer Mach that he had a blood clot
in his leg. During the Horizontal Gaze Nystagmus test, Officer Mach observed that
appellant did not have equal tracking in both eyes and had nystagmus in both eyes. 
Based on the results of the tests, Officer Mach concluded that appellant was
intoxicated and arrested him. 
          Officer Mach transported appellant to the Friendswood Police Department to
administer breath testing. During the 15-minute observation period that Officer Mach
was required to perform prior to the testing, appellant asked three times why he was
under arrest and Officer Mach informed him each time that he was under arrest for
suspicion of DWI. Officer Mach then advised appellant on how to use the breath
testing device and requested a specimen. 
          On his first attempt, appellant filled his cheeks with air and then exhaled
through his nose. On a second attempt, appellant again exhaled through his nose
while spitting into the mouthpiece. Officer Mach made a total of five attempts to
obtain a viable specimen for a breath test before concluding that appellant was unable
to give an adequate specimen. Officer Mach informed appellant that his failure to
give a specimen would be treated as a refusal. 
          Based on his failure to provide a specimen for testing, appellant was given a
notice of driver’s license suspension. Appellant requested a hearing to contest the
suspension of his driver’s license, and a hearing was held on June 11, 2008 before the
State Office of Administrative Hearings (“SOAH”). Appellant’s sole argument at the
SOAH proceeding was that his failure to provide an adequate breath sample did not
constitute a refusal. The Administrative Law Judge (“ALJ”) upheld the suspension
and entered findings of fact as follows: (1) appellant was found in the state reported
by Officer Mach; (2) probable cause to arrest defendant existed based on the reasons
presented in the testimony and reports of Officer Mach; (3) appellant was placed
under arrest and was properly asked to submit a specimen of breath; and (4) appellant
refused to submit a specimen of breath. 
          On appeal to Galveston County Court at Law No. 1, appellant contended that
the ALJ’s finding that he had refused to submit a specimen of breath was erroneous
because appellant had “attempted to provide a breath specimen 5 times.” The court
affirmed the ALJ’s ruling. 
Refusal of Breath Test
          Appellant contends that the trial court erred by affirming the suspension of his
driver’s license for refusal to submit to breath alcohol testing because he did not
refuse the test. See Tex. Transp. Code Ann. § 724.042(4) (Vernon Supp. 2008).
A.      Standard of Review
          Whether in the trial court or on appeal, courts reviewing an ALJ’s decision on
a license suspension apply the substantial evidence standard. Mireles v. Tex. Dep’t
of Pub. Safety, 9 S.W.3d 128, 131 (Tex. 1999). We review the trial court’s
substantial evidence review de novo. See Tex. Dep’t of Pub. Safety v. Alford, 209
S.W.3d 101, 103 (Tex. 2006) (noting that ALJ’s findings are entitled to deference but
that “whether there is substantial evidence to support an administrative decision is a
question of law” and as such, neither trial court nor ALJ’s determination of issue is
entitled to deference on appeal). As in the trial court, we may not substitute our
judgment for that of the ALJ. Id.; see also Tex. Gov’t Code Ann. § 2001.174
(Vernon 2008). We do not determine whether the ALJ’s decision was correct, but
rather whether the record “demonstrates some reasonable basis” for the ALJ’s
determination. Mireles, 9 S.W.3d at 131. In contested cases, if there is more than a
scintilla of evidence to support the administrative findings, we must affirm those
findings; “[i]n fact, an administrative decision may be sustained even if the evidence
preponderates against it.” Id. We may reverse an ALJ’s decision if an appellant’s
substantial rights have been prejudiced because the ALJ’s findings, inferences,
conclusions, or decisions are, inter alia, “not reasonably supported by substantial
evidence considering the reliable and probative evidence in the record as a whole.” 
See Tex. Gov’t Code Ann. § 2001.174(2)(E).
 
 
B.      Applicable Law
          Pursuant to the Transportation Code, if a person is arrested and the peace
officer making the arrest has reasonable grounds to believe that the person is driving
while intoxicated, specimens of the person’s breath or blood may be taken. Tex.
Transp. Code Ann. § 724.012(a)(1) (Vernon Supp. 2008). If the person refuses to
submit to the taking of a specimen, Texas Department of Public Safety (“DPS”) shall
suspend the person’s license to operate a motor vehicle on a public highway for 180
days. Id. § 724.035(a)(1) (Vernon Supp. 2008). If a person’s license is suspended
under this chapter, that person may request a hearing on the suspension. Id.
§ 724.041 (Vernon Supp. 2008). At the hearing, the issues, as applicable here, are
whether:
          (1)     reasonable suspicion or probable cause existed to stop or arrest
the person;
          (2)     probable cause existed to believe that the person was:
                    (A)    operating a motor vehicle in a public place while
intoxicated; 
          . . . .
          (3)     the person was placed under arrest by the officer and was
requested to submit to the taking of a specimen; and
          (4)     the person refused to submit to the taking of a specimen on
request of the officer.
Id. § 724.042 (emphasis added).

C.      Analysis

          Appellant contends that the trial court erred by finding that appellant refused
to submit to the taking of a specimen. 

          Pursuant to Transportation Code section 724.032, a “refusal” (1) may be
express or (2) may result from an intentional failure of the person to give the
specimen. Tex. Transp. Code Ann. § 724.032 (Vernon Supp. 2008). It has been
held that failing to follow directions in submitting a specimen for testing constitutes
an intentional refusal. Tex. Dep’t of Pub. Safety v. Sanchez, 82 S.W.3d 506, 509, 511
(Tex. App.—San Antonio 2002, no pet.). In addition, this court has found that being
too intoxicated to give a sample constitutes a refusal. See Malkowsky v. Tex. Dep’t
of Pub. Safety, 53 S.W.3d 873, 876 (Tex. App.—Houston [1st Dist.] 2001, pet.
denied).

          Here, it is undisputed that there was not an express refusal and that appellant
requested breath testing. Appellant contends that his failure to provide an adequate
specimen for testing did not constitute a refusal under the law. Appellant contends
that the record shows that he did not refuse to submit a specimen for testing; rather,
he was still attempting to provide a breath specimen when the officer stopped the test.

          The record of the hearing before the ALJ shows that Officer Mach testified that
she instructed appellant on the correct manner to give a breath sample. Officer Mach
testified that appellant, on his first attempt to provide the breath specimen, filled his
cheeks with air and then exhaled through his nose. On his second attempt, appellant
again exhaled through his nose while spitting into the mouthpiece. After appellant
made five unsuccessful attempts to provide the sample, Officer Mach informed
appellant that his failure to give a specimen would be treated as a refusal. Repeatedly
failing to follow directions in submitting an adequate sample for breath testing
constitutes an intentional refusal. See Sanchez, 82 S.W.3d at 509, 513 (affirming
ALJ’s suspension of license on facts involving appellant who put his mouth to
Intoxilyzer mouthpiece and, instead of blowing, exhaled through his nose). 

          Appellant contends that Officer Mach testified that he made valid attempts to
provide a breath specimen and therefore the evidence does not show that he
intentionally refused. The record shows that, during her testimony at the hearing
before the ALJ, Officer Mach was asked if appellant had made “valid attempts” to
provide a breath sample and that she responded in the affirmative. It was incumbent
upon the ALJ to resolve any conflict in the evidence and to determine witness
credibility. See Sanchez, 82 S.W.3d at 511; Ott v. Tex. Dep’t of Pub. Safety, 958
S.W.2d 294, 296 (Tex. App.—Austin 1998, no pet.).

          On appeal to this court, appellant contends that the evidence also demonstrates
that he was not too intoxicated to give a breath sample. Appellant contends that the
evidence shows that, at the time of the incident, he was capable of standing still and
following some of the directions during field testing and that he was capable of other
acts, such as getting into a patrol car without difficulty.

          In Malkowsky, this court determined that a failure to give a breath specimen 
because of intoxication constitutes a refusal under the section 724.032. 53 S.W.3d 
at 876. There, as here, it was undisputed that the appellant expressly agreed to give
a breath specimen and that she made multiple attempts. Id. at 875. There, unlike in
the instant case, the appellant admitted that her failure to provide the sample was due
solely to her intoxication. Id. Like our appellant in the instant case, however, the
appellant in Malkowsky contended that her inability to blow into the machine did not
constitute an intentional failure to give the specimen. Id. We reasoned, by analogy,
that voluntary intoxication does not negate the intent or knowledge element of
criminal conduct. Id. In addition, public policy can not allow one to benefit from her
intoxication. Id. We held that the failure to provide an adequate breath sample based
on one’s inability to comply with the law because of voluntary intoxication
constitutes an intentional failure to give the specimen, and therefore a refusal under
section 724.032. Id. at 875–76.

          Here, in addition to the evidence appellant cites, the evidence shows that
appellant was found asleep in his truck, with the transmission in drive, facing
westbound in eastbound lanes, that he smelled of alcohol, slurred his speech, and that,
when asked where he was going, appellant stated that he had not had enough to drink
yet and was on his way to another bar. Appellant also performed poorly on the field
sobriety testing and had to be told repeatedly within a 15-minute period why he had
been arrested. We conclude that the record demonstrates a reasonable basis for the
ALJ to have determined that appellant was too intoxicated to provide an adequate
breath sample, and that such constituted a refusal under section 724.032. See id. at
876. 

          We hold that the trial court did not err in affirming the ALJ’s determination
that appellant refused to provide a breath sample because substantial evidence
supports the ALJ’s order. See Alford, 209 S.W.3d at 103; Mireles, 9 S.W.3d at 131.

          Accordingly, we overrule appellant’s sole issue. 

Conclusion

          We affirm the judgment of the trial court.





 

                                                             Laura Carter Higley

                                                             Justice



Panel consists of Justices Jennings, Keyes, and Higley.