**Nielson Hasmuhran MODY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00443–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 9, 1999.

Michael B. Charlton, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, FOWLER and FROST.

## OPINION

FOWLER, Justice.

Nielson Mody, appellant, was charged by complaint and indictment with the offense of driving while intoxicated. *See* TEX. PEN.CODE ANN. § 49.04 (Vernon Supp. 1999). Appellant entered a plea of nolo contendere. The court assessed punishment, pursuant to a plea bargain, at confinement in jail for 180 days, probated for two years and a $600 fine. In two points of error, appellant claims the trial court erred in failing to declare unconstitutional section 724.061 of the Texas Transportation Code and in refusing to suppress evidence of the breath test refusal because of the warning officer's erroneous advice to appellant on the consequence of refusal. We affirm.

Appellant was arrested for driving under the influence. At the station, appellant refused to take a breath test. At the suppression hearing, appellant challenged the admissibility of his refusal to take a breath test, claiming the controlling statute was unconstitutional because it shifted the burden of proof and did not require the State to show relevance. Among other challenges, appellant claimed the statute mandated misinformation to DWI arrestees. All requested relief was denied. Appellant then pleaded nolo contendere.

In his first point of error, appellant claims section 724.061 of the Texas Transportation Code is unconstitutional. Appellant argues that: (1) the presence of the word "may" renders the statute vague; (2) nothing requires the State to show the relevance of the defendant's refusal; (3) because evidence of a breath test refusal is profferred as an adoptive admission, rebuttal is not necessary in post-arrest situations; and (4) disagreement in society over the reliability of the breathalizer's accuracy still exists.

In response, the State initially contends appellant has no standing to question the constitutionality of the statute. We agree.

When a defendant challenges the constitutionality of a statute, he must show that in its operation, the statute is unconstitutional as applied to him. *See Raby v. State*, 970 S.W.2d 1, 7 (Tex.Crim.App. 1998). The fact that the statute may be unconstitutional as to others is not sufficient. *See id.* Here, appellant claims the statute may allow evidence that is sometimes irrelevant. Appellant does not, however, claim the refusal evidence was irrelevant in his situation. Nor does appellant assert that refusal evidence is never relevant. We will, however, review appellant's first point of error on the merits.

Appellant claims the statute is unconstitutionally vague and void because of the word "may" in the phrase "may be introduced into evidence." TEX. TRANSP. CODE ANN. § 724.061 (Vernon's 1997).

If a statute can be construed two different ways, one of which sustains its

validity, we will apply the interpretation that sustains its validity. *See Ex Parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978). Use of the word "may" in the phrase "may be admissible" does not render section 724.061 vague. *See Moore v. State,* 981 S.W.2d 701, 707 (Tex.App.—Houston [14 th] 1998, no pet.). Rather, the word "may" gives the trial court the discretion to consider the circumstances on a case-by-case basis in determining when a refusal should be allowed in as evidence. *See id.* at 708. A refusal to take the test, like any other evidence, can be admitted as relevant evidence, at the trial court's discretion, unless a defendant can overcome the presumption of admissibility by showing undue prejudice or the like. *See id.;* TEX.R. EVID. 403. We hold the statute is not unconstitutionally vague.

■ Next, appellant argues the evidence of refusal is not always relevant. Appellant alleges that, in the end, the jury is left to speculate about why the defendant refused to take the breath test. We disagree.

In *Moore v. State,* the First Court of Appeals addressed this exact issue. *See* 981 S.W.2d at 705–07. As the Court pointed out in *Moore,* this point of error is a challenge to the relevancy of the evidence, not the constitutionality of the statute. *See id.* at 708. "By enacting the statute, the legislature indicated that evidence of a refused breath test is relevant at a DWI trial." *Id.* The legislature indicated such refusal evidence is relevant and should be admissible without a showing of why a defendant refused a breath test. *See id.*

■ The admissibility of refusal evidence is not predicated on the reason for the refusal. *See id.; Jamail v. State,* 787 S.W.2d 380, 382 (Tex.Crim.App.1990), *overruled in part on other grounds, Hardie v. State,* 807 S.W.2d 319, 322 (Tex.Crim.App.1991). Under the statute, the defendant's reason for refusal to take the

breath test is not relevant to the State's case. *See id.* In fact, evidence of why a breath test was refused is technically irrelevant and inadmissible in the State's case, but relevant and admissible for the defense. *See id.*

Requiring the State to show why a defendant did not take the breath test would destroy the purpose of the statute. If the defendant did not testify, the State would have no way of showing why the defendant did not take the test. "On the other hand, if police officers asked defendants why they refused a breath test at the time of the refusals, those answers could be excluded as violating the defendants' right to counsel or right to remain silent." *See id.* at 709. The State is not required to show why the defendant refused the test in order for the refusal to come into evidence.

■ Appellant further claims that the State offers evidence of appellant's refusal to take the breath test to indicate his acknowledgment of guilt. Appellant claims it amounts to an "adoptive admission." Appellant acknowledges that *South Dakota v. Neville* speaks to the broad issue of refusals to take breath tests by its holding that evidence of a refused breath test is admissible, is not a coerced act, and does not violate the privilege against self-incrimination. *See South Dakota v. Neville,* 459 U.S. 553, 564, 103 S.Ct. 916, 923, 74 L.Ed.2d 748, (1983). But, appellant claims *Neville* does not control *this* case because this case involves the existence of a "tacit" or adoptive admission, whereas *Neville* involved an outright admission.[1] He also claims that, in *Neville,* with the outright admission, the State laid a "proper relevance refusal predicate", but that no such predicate was established here, where the jury was left to assume why appellant refused to take the test.

These alleged distinctions do not matter. First, *Neville* holds that the refusal to take

1. When Mr. Neville refused to take the test, he told the officers that he was refusing be-

cause, "I'm too drunk. I won't pass the test." *Neville,* 459 U.S. at 561–62, 103 S.Ct. at 921.

a breath test is admissible and does not violate the privilege against self-incrimination. We fail to see why a tacit admission would be any less admissible or more violative of the privilege against self-incrimination. *Id.* Second, at least one Texas court has already held that the State "need not make a predicate showing of what a defendant was thinking as he refused the breath test." *Moore*, 981 S.W.2d at 709. We agree with *Moore* and so hold here. To do otherwise, as *Moore* aptly pointed out, "would effectively bar the State from using refusal evidence" because the State would not be able to prove up the refusal unless the defendant chose to testify or blurted out his guilt as in *Neville*. *Id.*

■ Lastly, appellant claims there is still disagreement in society over the reliability of breath tests. Appellant argues his reason for not taking the test was "distrust of the instrument." "If a defendant wishes to attack the reliability of breath testing as a rule or the reliability of a specific testing instrument, he may do so." *Moore*, 981 S.W.2d at 709. Appellant, however, chose not to go to trial. We overrule point of error one.

In his second point of error, appellant contends his refusal to take the breath test was not voluntary because the written information provided him pursuant to the Texas Transportation Code contained an incorrect statement regarding the consequences of taking and failing the test. *See* TEX. TRANSP. CODE ANN. § 724.015 (Vernon 1999). We disagree.

■ Appellant bases his argument on a difference between the statute and the warning given by officers. In short, the wording of the statute makes it illegal to operate a car with a blood alcohol level of .10 "at the time of driving." *See* TEX. PENAL CODE ANN. § 49.04 (Vernon 1999). The oral and written warnings given by the officer referred to a blood alcohol level of .10 at the time of testing. Appellant argues that because he was not tested until at the station, rather than while driv-ing, the warning is incorrect. Appellant makes no claim that his blood alcohol level somehow rose on the way to the station nor does appellant argue that he misunderstood the oral and written warnings in any way.

"A person cannot realistically be given a breath or blood test *while* he is driving." *Moore*, 981 S.W.2d at 706. The warnings received by appellant substantially complied with the language and purpose of the statute. *See id.* We overrule point of error two.