SOT v. Marrs







 


NUMBER 13-01-00566-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

THE STATE OF TEXAS, Appellant,



v.





MICHAEL LAVERN MARRS, Appellee.

 

On appeal from the County Court of Wharton County, Texas.



 

O P I N I O N





Before Justices Hinojosa, Rodriguez, and Dorsey (1)

Opinion by Justice Hinojosa





 The State appeals from the trial court's order granting the "Motion to Suppress Purported Refusal to Take
Breath Test" of appellee, Michael Lavern Marrs. We reverse and remand.

 On November 23, 2000, appellee was arrested for the offense of driving while intoxicated ("DWI"). (2) He
provided a breath sample for testing, however the sample was not sufficient to register a result on the
intoxilyzer. Appellee's inability to provide a measurable breath sample was deemed a refusal to do so by the
arresting officer.

 Appellee filed a motion to suppress his purported refusal to take the breath test. In support of his motion,
appellee offered a medical records affidavit verifying his physician's notes which said that appellee had suffered
from chronic obstructive pulmonary disease at various times from 1999 to 2001. Over the State's objection
that this was a fact issue for the jury, the trial court granted appellee's motion to suppress.

A. Jurisdiction



 By its first issue, the State contends this Court has jurisdiction to consider this appeal of the trial court's
pre-trial suppression of evidence. Appellee has filed a motion to dismiss the appeal for want of jurisdiction,
arguing that his "Motion to Suppress Purported Refusal to Take Breath Test" was actually a motion seeking
to exclude evidence.

 Article 44.01 of the code of criminal procedure allows the State to appeal certain matters. See Tex. Code
Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2003). In construing this statute, the court of criminal
appeals has recently held that article 44.01 is not limited solely to pretrial rulings that suppress "illegally
obtained" evidence. State v. Medrano, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002). Article 44.01(a)(5)
permits the State to "appeal an adverse ruling on any pretrial motion to suppress evidence as long as the other
requirements of the statute are met." Id. (emphasis in original). Here, the State's prosecuting attorney has
met the remaining requirements of the statute by certifying to the trial court that jeopardy has not attached, the
appeal is not taken for the purpose of delay, and the evidence suppressed by the trial court is of substantial
importance in the case. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2003).

 Accordingly, we conclude that we have jurisdiction to review this appeal. We sustain appellant's first issue
and deny appellee's motion to dismiss this appeal for want of jurisdiction.

B. Motion to Suppress



 By its second issue, the State contends the trial court erroneously suppressed evidence of the appellee's failure
to furnish a measurable breath sample.

 A trial court's ruling on a motion to suppress is generally reviewed for abuse of discretion. Oles v. State, 993
S.W.2d 103, 106 (Tex. Crim. App. 1999); Maddox v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985).
The trial court is the sole trier of fact and judge of the weight and credibility of the evidence. State v. Ballard,
987 S.W.2d 889, 891 (Tex. Crim. App. 1999). The reviewing court may not disturb supported findings of
fact absent an abuse of discretion. Id. A review of a trial court's ruling on a motion to suppress presents an
application of law to a fact question. Maestas v. State, 987 S.W.2d 59, 62 (Tex. Crim. App. 1999). We must
afford almost total deference to a trial court's determination of facts supported by the record and its rulings on
application of law to fact questions, when those fact findings involve an evaluation of the credibility and
demeanor of witnesses. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Where the application of the law to the facts does not
revolve around an evaluation of credibility and demeanor, we decide de novo whether the trial court erred by
misapplying the law to the facts. Guzman, 955 S.W.2d at 89; State v. Exiga, 71 S.W.3d 429, 431 (Tex.
App.-Corpus Christi 2002, no pet.). Here, the issue presented is whether the trial court erroneously
suppressed evidence of the appellee's failure to furnish a measurable breath sample. Since resolution of the
issue does not turn on an evaluation of credibility and demeanor, we will review the trial court's decision de
novo.

 At the hearing on the motion to suppress, appellee offered, and the trial court admitted into evidence, a
medical records affidavit verifying his physician's notes. The notes reflected that appellee suffered from
chronic obstructive pulmonary disease, which restricts air entry in both lungs. The physician's notes also
showed that appellee had exhibited chronic cough, bronchitis, shortness of breath, occasional wheezing, and
pain in his right upper subcostal area. Unable to afford his own medicine, appellee was using samples of an
Aerobid inhaler for the obstructive pulmonary disease.

 On this evidence, the trial court found that appellee was suffering from chronic obstructive pulmonary disease
on the date of his arrest and at the time he was asked for a breath sample by the arresting officer. The trial
court then found as a matter of law that appellee's purported refusal to provide a breath sample was not a
result of an intentional failure to give the specimen.

 Under Texas law, a person arrested for suspicion of DWI is deemed to have consented to submit to the taking
of one or more specimens of the person's breath or blood to determine the person's blood alcohol level. Tex.
Transp. Code Ann. § 724.011(a) (Vernon 1999). Testimony concerning a person's refusal to take a
breathalyzer test is made admissible by section 724.061 of the transportation code, which provides:

A person's refusal of a request by an officer to submit to the taking of a specimen of breath or blood, whether
the refusal was express or the result of an intentional failure to give the specimen, may be introduced into
evidence at the person's trial.



Tex. Transp. Code Ann. § 724.061 (Vernon 1999).

 Generally, any relevant evidence is admissible, unless its admission would violate the federal or state
constitutions, state statutes, or other laws of evidence. See Tex. R. Evid. 402; Griffith v. State, 55 S.W.3d
598, 601 (Tex. Crim. App. 2001). By enacting section 724.061, the legislature determined that evidence of a
refused breath test is relevant in a DWI trial and that any such refusal is admissible without requiring a
showing of why a defendant refused a breath test. (3) See Griffith, 55 S.W.3d at 601;Moore v. State, 981
S.W.2d 701, 708 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd);Bright v. State, 865 S.W.2d 135, 137 (Tex.
App.-Corpus Christi 1993, pet. ref'd). Since the definition of "intoxicated" includes not having the normal use
of mental or physical faculties, (4) any sign of impairment in an accused's ability to perform a breathalyzer test is
circumstantially relevant to whether the person was legally intoxicated while driving. See Griffith, 55 S.W.3d
at 601; Finley v. State, 809 S.W.2d 909, 913 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd).

 When interpreting a statute, we seek to carry out the intent of the legislature. Boykin v. State, 818 S.W.2d
782, 785 (Tex. Crim. App. 1991); Luna v. State, 70 S.W.3d 354, 361 (Tex. App.-Corpus Christi 2002, pet.
ref'd). We first focus on and attempt to apply the plain language of the statute. Boykin, 818 S.W.2d at 785.
We will not apply the literal language, however, in cases when application of the plain language would lead to
an absurd result. Id. In such a case, we will attempt to interpret the statute to effect its intended result. Id.

 Section 724.061 unambiguously provides for the admission, not the exclusion, of evidence concerning an
accused's refusal to submit to the taking of a specimen of breath or blood. See Tex. Transp. Code Ann. §
724.061 (Vernon 1999). Similarly construing the statute, the Texarkana Court of Appeals concluded that the
statute gives the State the discretion to offer evidence of a defendant's refusal. See McClain v. State, 984
S.W.2d 700, 704 (Tex. App.-Texarkana 1998, pet. ref'd).

 However, although admissible, evidence may be excluded if its relevance is outweighed by a danger that it
will unfairly prejudice, confuse, or mislead the jury or if its inclusion will result in undue delay or if it is
needlessly cumulative. Tex. R. Evid. 403.

 A refusal or purported refusal to take a breath or blood test, like any other evidence, can be admitted as
relevant evidence, at the trial court's discretion, unless a defendant can overcome the statutory presumption of
admissibility by showing undue prejudice or the like. Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim.
App. 1997); Mody v. State, 2 S.W.3d 652, 654 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd); Moore, 981
S.W.2d at 708; see Tex. R. Evid. 403.

 Here, without finding undue prejudice, the trial court concluded that as a matter of law appellee's purported
refusal to provide a breath sample was not a result of an intentional failure to give the specimen. However,
appellee's purported refusal to provide a sufficient enough sample of his breath to be measured by an
intoxilyzer is not a question of law for the trial court to decide because the complained of evidence is not
evidence of an undisputed refusal. Rather, it is evidence that presents a fact issue regarding whether a refusal
occurred. See Nevarez v. State, 671 S.W.2d 90, 92 (Tex. App.-El Paso 1984, no pet.).

 Whether an accused refuses to submit to a blood or breath test is a question for the trier of fact. Id. 
InNevarez, an asthmatic voluntarily attempted, but was unable to give a readable breath sample for the
breathalyzer test. Id. The administering officer characterized the result as a refusal to take the test, and the
trial court allowed the officer to testify regarding the defendant's inability to take the test. Id. The El Paso
Court of Appeals held that the testimony was properly admitted into evidence because it presented a fact issue
- whether the defendant's inability to take the test was a "refusal." See id.

 Because it failed to conclude that the probative value of the relevant evidence was substantially outweighed
by the danger of unfair prejudice and because it decided a question more properly reserved for the jury, we
hold the trial court abused its discretion. See Guzman, 955 S.W.2d at 89; Exiga, 71 S.W.3d at 431.
Accordingly, we sustain the State's second issue.

 In light of our disposition of this issue, it is not necessary to address the State's remaining issues. See Tex. R.
App. P. 47.1.

 We reverse the trial court's order and remand this case to the trial court for further proceedings not
inconsistent with this opinion.



 FEDERICO G. HINOJOSA

 Justice





Publish. See Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the

1st day of May, 2003.

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, was assigned
to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003
(Vernon 1998) to "complete the adjudication of any and all causes assigned to a panel of which [he was] a
member" prior to his retirement.

2. See Tex. Pen. Code Ann. § 49.04(a) (Vernon 2003).

3. We note that the reason one refuses to submit to a breath test is irrelevant and inadmissible as a part of the
State's case. Griffith v. State, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001). Thus, the State is not required to
show why the defendant refused to take the test in order for the refusal to come into evidence. See Mody v.
State, 2 S.W.3d 652, 654 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd).

 Although irrelevant to the State's case, the reason one refuses to take an intoxilyzer test is relevant and
admissible as part of the defendant's case. Jamail v. State, 787 S.W.2d 380, 383 (Tex. Crim. App.
1990),overruled in part on other grounds by Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991).

4. See Tex. Pen. Code ANN. § 49.01(2)(A) (Vernon 2003).