NO. 07-02-0457-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 18, 2003



______________________________




JAY N. GIANNUKOS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 02-03-02101-CR; HONORABLE JAMES H. KEESHAN, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to pleas of guilty, appellant Jay N. Giannukos was convicted in one
judgment on separate counts of unlawful possession of a firearm by a felon and
possession of a controlled substance. By his notice of appeal, he challenged both
convictions. Now pending before this Court is his motion to dismiss the appeal. Pursuant
to Rule 42.2(a) of the Texas Rules of Appellate Procedure, the request to withdraw the
notice of appeal is signed by appellant. No decision of this Court having been delivered
to date, we grant the motion. No motion for rehearing will be entertained and our mandate
will issue forthwith.

 Accordingly, the appeal is dismissed.

 Don H. Reavis

 Justice


Do not publish.



ated. The first involved his having a blood alcohol concentration of at least .08. The
second encompassed appellant lacking the normal use of his mental and physical faculties
by reason of ingesting alcohol. It is the first that we address here.

 The standard by which we review the sufficiency of the evidence is well established. 
We refer the parties to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979), Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004), Zuliani v. State, 97
S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App.
2000) for an explanation of them. 

 Appearing of record is the testimony from both officers who were present when
appellant attempted to perform various field sobriety tests. One of the officers testified,
several times, that appellant's performance on those tests indicated that appellant had a
blood alcohol level of at least .08. Irrespective of whether this testimony was admissible,
see Emerson v. State, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) (wherein the Court of
Criminal Appeals held that a witness may not attempt to quantify one's blood alcohol level
from evidence of how one performed field sobriety tests), it was nonetheless received into
evidence without objection from appellant. (1) And, being received into evidence, it must be
considered by us in determining whether the verdict enjoyed the support of legally sufficient
evidence. Chambers v. State, 711 S.W.2d 240, 245-46 (Tex. Crim. App. 1986) (noting the
general rule requires the reviewing court to consider "all the evidence before the trier of fact
in determining sufficiency questions," including evidence which may have been
inadmissible but was nonetheless received without objection). Finally, we deem it some
evidence of record upon which a rational factfinder could hold, beyond reasonable doubt,
that appellant had a blood alcohol level of .08 at the time of his arrest and overrule the
issue. 

Issues 2 and 3 - Sufficiency of the Evidence of Impairment 


 Appellant next argues that the evidence was legally and factually insufficient to show
that he lacked the normal use of his mental and physical faculties due to the consumption
of alcohol. We overrule these issues as well.

 The record contains evidence of appellant's performance on three field sobriety
tests. From that performance, an officer concluded that appellant should not have been
driving but also had a blood alcohol level sufficient to legal intoxication, i.e. a blood alcohol
level of .08. Yet, that is not all the evidence on the matter. Also of record is evidence that
while driving a semi tractor/trailer, appellant swerved from his lane of traffic and entered
that containing oncoming vehicles. Furthermore, at least one vehicle had to leave the lane
into which appellant improperly entered and that vehicle was driven by the arresting
officer. (2) Furthermore, appellant also smelled of alcohol and had two cold open cans of
beer in the glove box of his truck. One can had remnants of beer in it while a substantive
quantity of beer remained in the other. Other unopened cans of beer were also found in
the truck. Furthermore, appellant fell asleep in the arresting officer's vehicle shortly after
being placed there. So too did appellant refuse to take a breath test. See State v. Marrs,
104 S.W.3d 914, 918 (Tex. App.-Corpus Christi 2003, no pet.) (holding that one's refusal
to take a breath test is admissible). The foregoing, when considered together, is some
evidence upon which a rational jury could find, beyond reasonable doubt, that appellant's
mental and physical abilities were impaired due to the ingestion of alcohol. And, while
there is evidence to the contrary, such as a passenger in appellant's truck asserting that
he (the passenger) had drunk the beer, it was left to the factfinder to decide who to believe. 
In short, the jury's finding was not supported solely by weak evidence or overwhelmed by
contrary evidence. Rather, we can conclude, based upon a neutral review of all the
evidence that the jury was rationally justified in finding beyond reasonable doubt that
appellant's physical and mental faculties were impaired due to the ingestion of alcohol. 
Consequently, its decision enjoyed the support of factually sufficient evidence. 

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice

Publish.
1. The record discloses that in response to one of the multiple utterances by the officer, appellant
informed the trial court that he objected. However, nothing was said of the grounds underlying his objection. 
Nor did appellant request a running objection of any kind. So, because the same testimony was admitted
without objection elsewhere during the trial, he waived any complaint he may have uttered to our consideration
of the utterance when assessing the sufficiency of the evidence. See Lane v. State, 151 S.W.3d 188, 192-93
(Tex. Crim. App. 2004) (holding that unless the litigant obtains a running objection, he waives any complaint
he may have as to the admission of particular evidence when the same or like evidence is received elsewhere
without objection). In other words, the responsibility fell upon appellant to object to the supposed inadmissible
evidence, and when he failed to do so, the evidence must be considered in determining whether the record
supported the verdict. See Fernandez v. State, 805 S.W.2d 451, 455 (Tex. Crim. App. 1991) (holding that
the appellant was responsible for objecting to the hearsay and because he did not, the trier of fact was
authorized to consider it in reaching its verdict); Chambers v. State, 711 S.W.2d 240, 245-46 (Tex. Crim. App.
1986) (noting the general rule requires the reviewing court to consider "all the evidence before the trier of fact
in determining sufficiency questions," including evidence which may have been inadmissible but was
nonetheless received without objection). Finally, appellant does not present an issue on appeal wherein he
questions the trial court's decision, if any, to admit the evidence. Thus, whether admission of the evidence
was error is not before us. 
2. Appellant offered excuses that he was both fatigued and reaching for a chicken gizzard.