COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
DAVID RODRIGUEZ,                                       )                  No. 08-03-00237-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  171st District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D05262)

MEMORANDUM OPINION

            David Rodriguez appeals his felony conviction for driving while intoxicated. Appellant was
found guilty by a jury and sentenced to four years’ imprisonment by the trial court. We affirm.

FACTUAL SUMMARY 

            On the evening of September 25, 2002, Officer Luis Acosta of the El Paso Police
Department’s DWI Task Force was westbound in the 6400 block of Delta when Appellant cut right
in front of him. Acosta was approaching the Cargill intersection with a green light, when a car
turned off Cargill and stopped in his path. Acosta applied the brakes to avoid a collision. He
activated his lights and saw Appellant sitting in his car in the middle of the intersection for about a
minute. Appellant then proceeded through the intersection against a red light and traveled down
Fonseca. The officer got behind Appellant, sounded his siren, and drove for a quarter mile before
Appellant stopped at Fonseca and Border Highway. Acosta noticed that Appellant was driving very
slowly and that while he was not swerving, he was not pulling over although the officer had his
lights and siren operating. This indicated to Acosta that Appellant either couldn’t hear the siren or
he was intoxicated. 
            When the officer approached Appellant’s car to ask for his license and insurance, Appellant
said that he had neither; his speech was slurred and slow, and the officer smelled alcohol on his
breath. Upon stepping out of his vehicle, Appellant had difficulty maintaining his balance and was
leaning and holding onto his car. His eyes were bloodshot and watery. Acosta conducted field
sobriety tests and Appellant performed poorly. He was arrested and taken to the central command
station where he was given the opportunity to provide a breath sample. Appellant refused. 
Consequently, Acosta attempted to re-administer the sobriety testing so that Appellant’s performance
could be videotaped. Appellant refused to follow the officer’s instructions to perform the field
sobriety tests once again. 
PROCEDURAL POSTURE
            Before voir dire, the trial court explained to the venire panel that this was a criminal case
involving a subsequent DWI. During the State’s voir dire presentation, the prosecutor asked whether
any panel members believed Appellant was guilty. One prospective juror admitted that he believed
Appellant was guilty since he was charged with a subsequent DWI. The prosecutor explained that
this case was a felony prosecution, meaning the State had to prove that Appellant had been twice
convicted for DWI and that he had also committed an offense on this occasion. He then explained
the presumption of innocence and that Appellant could not be found guilty simply because of the two
prior convictions. In discussing the panel’s expectations of the type of evidence to be presented, the
prosecutor commented that because a defendant cannot be forced to give a breath or blood sample,
the samples are available as evidence only if a defendant agrees to provide them. He then explained
that a defendant could be convicted of DWI if he had lost the use of his mental or physical faculties
or if he had an alcohol concentration greater than .08 percent. Since Appellant had not provided
samples, the prosecutor told the panel that this was a case where they had to determine whether the
defendant had lost the normal use of his mental or physical faculties. The prosecutor also detailed
why the charged crime was a felony and noted that the punishment range increased from time in the
county jail to time in the penitentiary. 
            During opening statements, the prosecutor predicted that the evidence would show Appellant
had been convicted of DWI twice before and that the convictions would be proved through
Appellant’s own stipulation. The State ultimately offered the stipulation into evidence without
objection, asked to publish the stipulation to the jury, commented briefly on it for the jury’s
understanding, and read it into the record. 
            During the State’s case-in-chief, Officer Acosta was called to the stand. He discussed the
indicators that he looks for in determining whether a person is intoxicated: (1) manner of speech, (2)
glassy, bloodshot eyes, (3) slurred speech, (4) unstable balance, (5) unable to walk or stand without
swaying, (6) erratic driving or speeding, (7) driving too slowly, and (8) alcohol on the breath. In
addition, Acosta noted that he could conduct field sobriety tests on the individual. He then described
the two ways to demonstrate intoxication--a blood alcohol level of above .08 percent or a mental or
physical impairment affecting a person’s ability to operate a motor vehicle. From his observations
at the scene, Acosta believed Appellant’s ability to drive was impaired. 
            During redirect, the officer testified that people who have previously been arrested act
differently from those who have not. For instance, a person who has never been arrested is more
likely to give a breath sample than a person who has been arrested several times. In fact, Acosta
testified that people who have been arrested before generally refuse to provide a sample. The same
is true of the sobriety tests. Acosta believed this was true of Appellant. He did not find it unusual
that someone with prior convictions would refuse to cooperate. 
            During closing arguments, the prosecutor commented as follows: 
This case is not about whether or not he committed two prior felonies. That
is proven beyond all doubt. He has admitted that in the stipulation. And the
stipulation is a piece of evidence. That evidence has been signed by the defendant,
approved by his attorney, approved by me, and approved by the Court. So we know,
one hundred percent guaranteed, that he’s been twice before convicted of driving
while intoxicated.
 
Those judgments are actually attached to the stipulation. And you can take
this -- you can ask for this and look at it if you want to.
 
Now, so that leaves us with the only issue in this case. And that is was he
driving while intoxicated on or about September 25th, 2002? 

. . .
And this man, because he’s been through it before, is smart enough to refuse
the Intoxilyzer test. And once he knew he was going to be on the video camera, he
refused to perform any of the field sobriety tests. Why? Because he was drunk. The
only rational conclusion that you should come to is that he’s guilty, and he is guilty
beyond a reasonable doubt. 

VIOLATION OF RIGHT TO FAIR TRIAL

            In his sole point of error, Appellant contends that he was denied his right to a fair trial when
the State continually mentioned his two prior DWI convictions to the jury after he stipulated to the
offenses. The crux of his argument is prosecutorial misconduct. He does not challenge the
sufficiency of the evidence to support his conviction.
 

Preservation of Error
            As a prerequisite to presenting a complaint for appellate review, the record must demonstrate
that the complaint was made to the trial court by a timely request, objection, or motion, and the trial
court ruled on the request, objection, or motion. Tex.R.App.P. 33.1(a)(1) and (2); Richardson v.
State, 981 S.W.2d 453, 455 (Tex.App.--El Paso 1998, pet. ref’d). To preserve error for prosecutorial
misconduct, the Appellant must object, request an instruction to disregard, and move for mistrial. 
Cook v. State, 858 S.W.2d 467, 473 (Tex.Crim.App. 1993); see Huffman v. State, 746 S.W.2d 212,
218 (Tex.Crim.App. 1988)(defendant must object that the prosecutor’s question was clearly
calculated to inflame the minds of the jury and was of such a character so as to suggest the
impossibility of withdrawing the impression produced).
            Appellant offered no objections during voir dire, opening statements, or closing arguments. 
He did not object to the admission of the stipulation into evidence, its publication to the jury, or the
State’s reading and explanation of the stipulation. In fact, the only time that Appellant lodged a
complaint was during the State’s direct examination of Officer Acosta, and then his objections were
based on speculation, not prejudice or prosecutorial misconduct. The trial court sustained
Appellant’s objections. Appellant never requested an instruction to disregard or moved for a
mistrial. 
            Understanding this dilemma, Appellant contends no objection is necessary in the presence
of fundamental error. See Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984), overruled
on other grounds, Rodriguez v. State, 758 S.W.2d 787 (Tex.Crim.App. 1988). He suggests that an
instruction to disregard could not have cured the error because it was impossible to withdraw the
impression from the minds of the jurors. We disagree. During voir dire, opening statements, and
closing arguments, the prosecutor cautioned the panel that they must not find Appellant guilty due
to his prior convictions; they must find he committed the offense on the occasion at issue. Moreover,
even assuming that a curative instruction would not have sufficed, Appellant did not request a
mistrial. We conclude that Appellant has failed to preserve error. See Perkins v. State, 902 S.W.2d
88, 96 (Tex.App.--El Paso 1995, no pet.)(holding that where defendant did not object on the basis
of prosecutorial misconduct, any error was waived). Nevertheless, we will consider the merits of
his arguments.
Prosecutorial Misconduct
            Claims of prosecutorial misconduct are determined on a case by case basis. Stahl v. State,
749 S.W.2d 826, 830 (Tex.Crim.App. 1988); Perkins, 902 S.W.2d at 96. Prosecutorial misconduct
has been found where the prosecutor’s actions deliberately violated an express court order and where
the prosecutor’s misconduct was so blatant as to border on being contumacious. Stahl, 749 S.W.2d
at 831, citing Landry v. State, 706 S.W.2d 105, 111 (Tex.Crim.App. 1985), cert. denied, 479 U.S.
871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986). Prosecutorial misconduct may also be shown where the
prosecutor asks a question which is clearly calculated to inflame the minds of the jury and is of such
a character so as to suggest the impossibility of withdrawing the impression produced. See Huffman,
746 S.W.2d at 218. Hollen v. State
            Appellant generally faults the prosecutor for mentioning the prior DWI convictions even
though he knew Appellant had stipulated to their existence. He specifically complains of reference
made during voir dire, during opening statements, during direct examination of Officer Acosta,
during closing argument, and when the stipulation was introduced into evidence. The Court of
Criminal Appeals has recently addressed all of these arguments. Hollen v. State, 117 S.W.3d 798
(Tex.Crim.App. 2003), cert. denied, ____ U.S. ____, 124 S.Ct. 2022, 158 L.Ed.2d 499 (2004). 
There, the court found that because the two prior DWI convictions were jurisdictional elements to
be proved by the State, they were the legitimate subject of voir dire, opening statements, and closing
arguments. And because the stipulation is a form of evidence, the trial court does not err in
admitting the stipulation into evidence. Id. at 802. Based on that decision, we find no error here. 
                                                         Voir Dire on Punishment
            Appellant next complains that the prosecutor engaged in voir dire on the range of punishment
even though he knew Appellant had requested that the judge decide punishment. The State may voir
dire on the full range of punishment where the jury may be called upon to assess it. See Bevill v.
State, 573 S.W.2d 781, 783 (Tex.Crim.App. 1978); Jack v. State, 867 S.W.2d 942, 944
(Tex.App.--Beaumont 1993, no pet.). As we have noted, Appellant opted for the trial court to
determine punishment. Assuming the prosecutor’s statements to be error, we do not believe them
to be of constitutional dimension. Instead, they are analogous to an improper jury argument. See
Perez v. State, 994 S.W.2d 233, 237 (Tex.App.--Waco 1999, no pet.)(holding improper jury
argument is error of a non-constitutional dimension). Thus, the improper voir dire is subject to a
harm analysis under Rule 44.2(b) which requires that we determine whether Appellant’s substantial
rights were affected by the error. See Tex.R.App.P. 44.2(b). 
            “A substantial right is affected when the error ha[s] a substantial and injurious effect or
influence in determining the jury’s verdict.” King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App.
1997). The burden of demonstrating that the substantial rights of the defendant were affected under
Rule 44.2(b) is upon the appellant. Merritt v. State, 982 S.W.2d 634, 637 (Tex.App.--Houston [1st
Dist.] 1998, pet. ref’d, untimely filed). We review the entire record to determine whether a
substantial right was affected and whether the error had more than a slight influence on the verdict. 
See Fowler v. State, 958 S.W.2d 853, 865 (Tex.App.--Waco 1997), aff’d, 991 S.W.2d 258
(Tex.Crim.App. 1999).
            Here, Appellant was charged with felony DWI and his prior two convictions were
jurisdictional elements that had to be proved by the State. The prosecutor was attempting to explain
to the jury why this offense had been elevated from a misdemeanor to a felony. The State was not
actually conducting voir dire on the punishment range; it merely stated that the punishment range
increased because the offense was a felony. The comments likely had no influence on the verdict.
We cannot conclude a substantial right was adversely affected by the State’s references to
punishment during voir dire, nor has Appellant properly demonstrated that a substantial right was
affected. Yanez v. State, No. 04-98-00905-CR, 2000 WL 201188, at *1, *3 (Tex.App.--San Antonio
2000, pet. ref’d)(not designated for publication)(holding substantial right not adversely affected
when the trial court allowed the prosecutor to explain to the jury that the hypothetical determination
of true on an enhancement offense for some type of sexual offense was automatic life).
Refusal to Cooperate
            Appellant next argues that the prosecutor’s line of questioning during direct examination of
Officer Acosta was designed to have the officer state that persons with prior DWI convictions refuse
to take the intoxilyzer test or to perform sobriety tests on subsequent DWI arrests because they know
the system. He alleges that this was an effort to inflame the jury by suggesting the defendant 
controls whether the State presents those types of evidence. He also claims that the prosecutor tried
to tie his refusal to give a breath sample and to perform additional sobriety tests to the officer’s
conclusions that he was driving while intoxicated.
            During voir dire, the prosecutor asked members of the panel what types of evidence they
expected to see in a DWI case. Venire members responded they might anticipate a blood sample,
a breathalyzer test, field sobriety tests, and testimony from an eyewitness or the arresting officer. 
The prosecutor explained that a defendant cannot be forced to give a breath or blood sample, so the
samples are available only if a defendant agrees to provide them. 
            “A person’s refusal of a request by an officer to submit to the taking of a specimen of breath
or blood, whether the refusal was express or the result of an intentional failure to give the specimen,
may be introduced into evidence at the person’s trial.” Tex.Transp.Code Ann. § 724.061 (Vernon
Pamph. 1999). The admissibility of a refusal is not predicated on the reason for the refusal. Mody
v. State, 2 S.W.3d 652, 654 (Tex.App.--Houston [14th Dist.] 1999, pet. ref’d), citing Moore v. State,
981 S.W.2d 701, 707 (Tex.App.--Houston [14th Dist.] 1998, no pet.); Jamail v. State, 787 S.W.2d
380, 382 (Tex.Crim.App. 1990), overruled in part on other grounds, Hardie v. State, 807 S.W.2d
319, 322 (Tex.Crim.App. 1991). Under the statute, the defendant’s reason for refusal is not relevant
to the State’s case. See id. In fact, evidence of why a breath test was refused is technically irrelevant
and inadmissible in the State’s case, but relevant and admissible for the defense. See id. 
Furthermore, the jury can consider a defendant’s failure to submit to breath test as evidence of guilt. 
See Finley v. State, 809 S.W.2d 909, 913 (Tex.App.--Houston [14th Dist.] 1991, pet. ref’d). 
            Any error in speculating why Appellant refused to submit to a breathalyzer of sobriety tests
was non-constitutional error and thus subject to a harm analysis under Rule 44.2(b). Since the jury
can consider Appellant’s refusal as evidence of his guilt and the defense itself elicited guilt as a
reason why a person might refuse to submit to a breathalyzer, Appellant has failed to meet his
burden. We conclude that any error is harmless.
Characterization of Convictions 
            Finally, Appellant objects that the prosecutor characterized his prior convictions as felonies
rather than as misdemeanors during closing argument. He also postulates that the prosecutor’s
reference to his refusal to take a breath test signaled that the jury they should convict him because
of his prior convictions. As for the prosecutor’s characterization of Appellant’s prior convictions
as felonies, the offense of DWI becomes a felony only after two subsequent convictions for DWI,
which was explained to the jury during voir dire. See Tex.Penal Code Ann. § 49.09(b)(Vernon
Supp. 2004-05). Moreover, Appellant’s refusal to submit to a breath test may be introduced as
evidence at trial, and the jury can consider the failure as evidence of guilt. See Tex.Transp.Code
Ann. § 724.061; Finley, 809 S.W.2d at 913. Thus, we find no error. Appellant’s sole point is
overruled and the judgment of conviction affirmed.


August 26, 2004                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)