NO. 07-06-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 23, 2006

_____

DARRELL JEROME HOLT,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 2682; HON. GORDON H. GREEN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Darrell Jerome Holt, appeals his conviction for driving while intoxicated. His three issues involve the legal and factual sufficiency of the evidence. He contends that the evidence was legally insufficient to prove that he had a blood alcohol concentration of at least .08 at the time of his arrest and that it was legally and factually insufficient to prove that he had lost the normal use of his mental or physical faculties at the time of his arrest. We affirm the judgment of the trial court.

***Issue 1 - Legal Sufficiency of Blood Alcohol Concentration***

The State alleged in the indictment alternative ways of proving that appellant was intoxicated. The first involved his having a blood alcohol concentration of at least .08. The second encompassed appellant lacking the normal use of his mental and physical faculties by reason of ingesting alcohol. It is the first that we address here.

The standard by which we review the sufficiency of the evidence is well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Zuniga v. State,* 144 S.W.3d 477 (Tex. Crim. App. 2004), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

Appearing of record is the testimony from both officers who were present when appellant attempted to perform various field sobriety tests. One of the officers testified, several times, that appellant's performance on those tests indicated that appellant had a blood alcohol level of at least .08. Irrespective of whether this testimony was admissible, *see Emerson v. State,* 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) (wherein the Court of Criminal Appeals held that a witness may not attempt to quantify one's blood alcohol level from evidence of how one performed field sobriety tests), it was nonetheless received into evidence without objection from appellant.[1] And, being received into evidence, it must be

---

[1]The record discloses that in response to one of the multiple utterances by the officer, appellant informed the trial court that he objected. However, nothing was said of the grounds underlying his objection. Nor did appellant request a running objection of any kind. So, because the same testimony was admitted without objection elsewhere during the trial, he waived any complaint he may have uttered to our consideration of the utterance when assessing the sufficiency of the evidence. *See Lane v. State,* 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004) (holding that unless the litigant obtains a running objection, he waives any complaint he may have as to the admission of particular evidence when the same or like evidence is received elsewhere without objection). In other words, the responsibility fell upon appellant to object to the supposed inadmissible evidence, and when he failed to do so, the evidence must be considered in determining whether the record

considered by us in determining whether the verdict enjoyed the support of legally sufficient evidence. *Chambers v. State*, 711 S.W.2d 240, 245-46 (Tex. Crim. App. 1986) (noting the general rule requires the reviewing court to consider "*all* the evidence before the trier of fact in determining sufficiency questions," including evidence which may have been inadmissible but was nonetheless received without objection). Finally, we deem it some evidence of record upon which a rational factfinder could hold, beyond reasonable doubt, that appellant had a blood alcohol level of .08 at the time of his arrest and overrule the issue.

### Issues 2 and 3 - Sufficiency of the Evidence of Impairment

Appellant next argues that the evidence was legally and factually insufficient to show that he lacked the normal use of his mental and physical faculties due to the consumption of alcohol. We overrule these issues as well.

The record contains evidence of appellant's performance on three field sobriety tests. From that performance, an officer concluded that appellant should not have been driving but also had a blood alcohol level sufficient to legal intoxication, *i.e.* a blood alcohol level of .08. Yet, that is not all the evidence on the matter. Also of record is evidence that while driving a semi tractor/trailer, appellant swerved from his lane of traffic and entered that containing oncoming vehicles. Furthermore, at least one vehicle had to leave the lane

---

supported the verdict. *See Fernandez v. State*, 805 S.W.2d 451, 455 (Tex. Crim. App. 1991) (holding that the appellant was responsible for objecting to the hearsay and because he did not, the trier of fact was authorized to consider it in reaching its verdict); *Chambers v. State*, 711 S.W.2d 240, 245-46 (Tex. Crim. App. 1986) (noting the general rule requires the reviewing court to consider "*all* the evidence before the trier of fact in determining sufficiency questions," including evidence which may have been inadmissible but was nonetheless received without objection). Finally, appellant does not present an issue on appeal wherein he questions the trial court's decision, if any, to admit the evidence. Thus, whether admission of the evidence was error is not before us.

3

into which appellant improperly entered and that vehicle was driven by the arresting officer.[2] Furthermore, appellant also smelled of alcohol and had two cold open cans of beer in the glove box of his truck. One can had remnants of beer in it while a substantive quantity of beer remained in the other. Other unopened cans of beer were also found in the truck. Furthermore, appellant fell asleep in the arresting officer's vehicle shortly after being placed there. So too did appellant refuse to take a breath test. *See State v. Marrs,* 104 S.W.3d 914, 918 (Tex. App.–Corpus Christi 2003, no pet.) (holding that one's refusal to take a breath test is admissible). The foregoing, when considered together, is some evidence upon which a rational jury could find, beyond reasonable doubt, that appellant's mental and physical abilities were impaired due to the ingestion of alcohol. And, while there is evidence to the contrary, such as a passenger in appellant's truck asserting that he (the passenger) had drunk the beer, it was left to the factfinder to decide who to believe. In short, the jury's finding was not supported solely by weak evidence or overwhelmed by contrary evidence. Rather, we can conclude, based upon a neutral review of all the evidence that the jury was rationally justified in finding beyond reasonable doubt that appellant's physical and mental faculties were impaired due to the ingestion of alcohol. Consequently, its decision enjoyed the support of factually sufficient evidence.

The judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Publish.

---

[2]Appellant offered excuses that he was both fatigued and reaching for a chicken gizzard.