**AFFIRM; and Opinion Filed June 5, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00339-CR

**VIVEK SHARMA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-80989-2012**

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Brown
Opinion by Justice Brown

Appellant Vivek Sharma was indicted for the offense of driving while intoxicated with a child passenger. After the trial court denied his motion to suppress, appellant entered into a plea agreement with the State. The trial court found appellant guilty and assessed punishment in accordance with the agreement at eighteen months' confinement, probated for four years, and a $1,000 fine. In four issues, appellant contends the trial court erred in denying his motion to suppress the results of a warrantless blood draw. We affirm the trial court's judgment.

Appellant's issues on appeal involve the applicability of the mandatory blood draw provision found in the Texas Transportation Code. Section 724.012 of the transportation code provides:

(b) A peace officer shall require the taking of a specimen of a person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor

vehicle or watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

. . . .

(2) the offense for which the officer arrests the person is an offense under Section 49.045, Penal Code.

TEX. TRANSP. CODE ANN. § 724.012(b) (West 2011). Section 49.045 of the penal code, applicable in this case, makes it a state jail felony to drive while intoxicated with a passenger younger than fifteen years of age. TEX. PENAL CODE ANN. § 49.045 (West 2011). An intentional failure to give a specimen is considered refusal of an officer's request for a specimen. *See* TEX. TRANSP. CODE ANN. §§ 724.032(a), 724.061 (West 2011); *see also State v. Marrs*, 104 S.W.3d 914, 918-19 (Tex. App.—Corpus Christi 2003, no pet.); *Texas Dep't of Pub. Safety v. Cuellar*, 58 S.W.3d 781, 784 (Tex. App.—San Antonio 2001, no pet.).

After appellant was involved in two back-to-back car accidents, he was charged with the offense of driving while intoxicated with a child passenger. Appellant filed a pretrial motion to suppress the results of a blood-alcohol test, among other things. He asserted the blood evidence should be suppressed because his blood was taken in violation of his rights under the transportation code, as well as the Fourth Amendment, the Texas Constitution, and the code of criminal procedure.

At the hearing on appellant's motion to suppress, Frisco Police Officer Kevin Kryczkowski testified that on January 11, 2012, he was dispatched to the scene of an accident. When he arrived, Lisa Baini informed him that someone in a Honda Odyssey rear ended her. She pulled into a parking lot assuming the person who hit her would follow. When he didn't, she pulled out of the parking lot and followed his car. She saw the Honda hit another vehicle that was stopped at a traffic light.

Officer Kryczkowski made contact with appellant, the driver of the Honda. The officer noticed appellant's lips appeared to be stained with wine and his eyes were bloodshot. He also smelled an "alarmingly strong" odor of alcohol on appellant. There were two children, ages eight and ten, in appellant's car. Officer Kryczkowski began to administer field sobriety tests. Administering the HGN test was "exceedingly difficult" because appellant was unable to follow the instructions. The officer had to restart the test twenty-three times and was not able to complete the whole test. Officer Kryczkowski next administered the walk-and-turn test and the one-leg-stand test. In the officer's opinion, appellant did not have normal use of his mental and physical faculties due to intoxication from alcohol. Officer Kryczkowski arrested appellant and took him to the Frisco jail.

At the jail, Officer Kryczkowski read appellant his *Miranda* rights and read the statutory warnings on the DIC-24 form. After reading the DIC-24, appellant agreed to provide a breath sample. The officer testified that appellant did not blow adequately for the Intoxilyzer equipment to take a specimen. There were multiple attempts made to get a breath sample. Although the officer was not sure about the exact number of attempts made, he stated it was more than two, but not more than five. In Officer Kryczkowski's opinion, appellant did not really try to provide a sample. The officer indicated he had had this happen on a couple of occasions in previous DWI arrests. The State introduced into evidence a written document, signed by the Intoxilyzer operator who administered the test to appellant that indicated "Invalid Test" and "Deficient Sample." Although Officer Kryczkowski could have videotaped appellant's attempts to give a breath sample, he did not.

The officer took appellant to a hospital, where a registered nurse drew a sample of appellant's blood about three hours after the accidents. On cross-examination, the officer testified that appellant never consented to the blood test. He further explained that department

procedures dictate that if a person does not give a sample when he consents to it, it is considered a refusal.

The DIC-24 form signed by Officer Kryczkowski indicates that the officer requested a specimen of appellant's breath and blood. It also contains a handwritten note: "Breath provided was deficient. Mandatory draw taken." When a subject refuses to allow the taking of a specimen, the form contains boxes to check to indicate if the subject refused and signed the form or refused and "signed below." Neither box was checked.

Appellant testified that he tried with his "best effort" to provide a breath sample. He thought he tried to provide a sample three times. He stated that he told the person administering the test that he was a smoker and could not "blow so frequently."

The trial court denied appellant's motion to suppress. Appellant later pleaded guilty pursuant to a plea agreement and reserved the right to appeal the denial of his motion to suppress. This appeal followed.

We review a trial court's ruling on a motion to suppress under a bifurcated standard. We give almost total deference to the trial court's determination of the historical facts and we review de novo the court's application of the law to the facts. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). Under this standard, the trial court is the sole judge of the credibility of the witnesses and their testimony. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).

In his first issue, appellant contends the mandatory blood draw provision of the transportation code did not apply in this case. Before a person can be subjected to a mandatory blood draw, he must first refuse the officer's request to submit to the taking of a specimen voluntarily. *See* TEX. TRANSP. CODE ANN. § 724.012(b). Appellant maintains that because he

did not refuse the officer's request for a sample, he was not subject to a mandatory blood draw under section 724.012(b) and a warrant was required.

Appellant asserts the evidence does not show he intentionally failed to provide a breath sample. We disagree. Officer Kryczkowski testified that, although appellant consented to give a breath sample, he did not really try to provide a sample. This testimony was evidence that appellant intentionally failed to give an adequate breath sample.[1] On the other hand, appellant testified that he tried to give a breath sample with his best effort. The trial court, as exclusive judge of the credibility of the witnesses, could have properly credited the officer's testimony and discredited appellant's and determined appellant's failure to provide a breath sample was intentional and therefore constituted a refusal to give a specimen. *See Cuellar*, 58 S.W.3d at 784 (in appeal from order suspending driver's license, conflicts in evidence regarding defendant's response to officer's request for breath specimen are matters for administrative law judge to decide). Because the court could have properly determined that appellant refused to voluntarily provide a breath sample, the provisions of section 724.012(b) requiring a mandatory blood draw applied in this case. Appellant's first issue is without merit.

In his second, third, and fourth issues, appellant contends the warrantless blood draw violated his Fourth Amendment right against unreasonable searches and seizures, article 38.23 of the code of criminal procedure, and his right against unlawful searches and seizures guaranteed by the Texas Constitution. Appellant's argument under these issues is merely an extension of his first issue. He contends that because the State did not prove he was subject to a mandatory blood draw under the transportation code, it needed a warrant to obtain his blood. We have rejected

---

[1] Appellant contends the officer's testimony is insufficient to show he deliberately failed to provide a breath sample because the officer gave "no specific articulable facts." Citing the law applicable to *Terry* stops, appellant urges us to conclude there was "no reasonable suspicion to believe the failure was deliberate because there were no specific facts in the record." *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). We decline to adopt this analysis. Officer Kryczkowski's testimony provided sufficient information for the trial court to conclude appellant intentionally failed to give an adequate sample.

appellant's argument that the mandatory blood draw provisions of the transportation code did not apply.

We recognize that other courts of appeals have recently determined that, in the absence of a warrant or exigent circumstances, a blood draw under section 724.012(b) violates a defendant's Fourth Amendment rights. *See Weems v. State*, No. 04-13-00366-CR, slip op. at 14 (Tex. App.—San Antonio May 14, 2014, pet. filed); *Holidy v. State*, No. 06-13-00261-CR, 2014 WL 1722171, at *4 (Tex. App.—Texarkana Apr. 30, 2014, pet. filed) (mem. op.); *Sutherland v. State*, No. 07-12-00289-CR, 2014 WL 1370118, at *10 (Tex. App.—Amarillo Apr. 7, 2014, no pet. h.); *State v. Villarreal*, No. 13-13-00253-CR, 2014 WL 1257150, at *11 (Tex. App.— Corpus Christi Jan. 23, 2014, pet. granted).[2] *But see Perez v. State*, No. 01-12-01001-CR, 2014 WL 943126, at *7 (Tex. App.—Houston [1st Dist.] March 11, 2014, no pet. h.) (warrantless blood draw under section 724.012(b) did not violate defendant's Fourth Amendment rights). But that issue is not before us, as appellant has not made this argument in his appellate brief. *See* TEX. R. APP. P. 38.1. Appellant argues only that a warrant was needed because the prerequisites to a mandatory blood draw under the transportation code were not met. He does not go on to argue that, even if the requirements of section 724.012(b) were met, a warrant was still needed. We express no opinion on this issue as it is not properly before us. Appellant's second, third, and fourth issues are without merit.

---

[2] Most of these decisions are based on the United States Supreme Court's opinion in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), in which the Court held that the natural dissipation of alcohol in the bloodstream does not categorically support a finding of exigent circumstances. Instead, whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances. *Id.* at 1563.

We affirm the trial court's judgment.

/Ada Brown/

ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130339F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VIVEK SHARMA, Appellant

No. 05-13-00339-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-80989-2012.
Opinion delivered by Justice Brown.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of June, 2014.

/Ada Brown/

ADA BROWN
JUSTICE