

# NUMBER 13-11-00188-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ADRIAN VASQUEZ,**                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the County Criminal Court at Law No. 1 of Harris County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Adrian Vasquez, appeals his conviction for driving while intoxicated ("DWI"), second offense, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (a) (West Supp. 2010). After a jury found appellant guilty, appellant pleaded true to an enhancement allegation that he had a prior DWI conviction. The trial court

---

[1] This case is before this Court on transfer from the Fourteenth Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX GOV'T CODE ANN. § 73.001 (West 2005).

sentenced appellant to a term of one year of confinement in the Harris County Jail, and ordered him to pay a $500 fine and $497 in court costs. The trial court suspended the imposition of appellant's confinement and placed appellant on community supervision for a period of two years. However, as a condition of community supervision, the trial court ordered appellant to spend a weekend and certain off-work hours, totaling five days, in the Harris County Jail. The trial court also suspended appellant's driver's license for two years.

By two issues, appellant argues: (1) the evidence is "factually insufficient" to support the jury's guilty verdict; and (2) the trial court erred when it admitted a police officer's expert testimony that appellant failed the horizontal gaze nystagmus (HGN) sobriety test because the officer allegedly admitted on cross-examination that his certification to perform the HGN test had lapsed before he field tested appellant. We affirm, but modify the judgment to: (1) delete a reference to a .08 blood-alcohol content that is unsupported by the record; and (2) list the sections of the Penal Code under which appellant was convicted.

## I. FACTUAL BACKGROUND

In the early morning hours of August 22, 2010, City of Deer Park police officer, Jason Huff, was performing patrol and traffic duties when he observed a blue jeep that appeared to be speeding. He confirmed his suspicion when his in-car radar showed that the jeep was traveling at a speed of sixty-eight miles-per-hour in a posted fifty mile-per-hour zone. Officer Huff used his emergency lights, and the driver of the vehicle pulled over to the shoulder of the road.

Officer Huff made contact with the driver and identified him as appellant, Adrian Vasquez. Officer Huff inquired why appellant was driving so fast, but appellant did not

2

have an explanation. Upon contact with appellant, Officer Huff immediately noticed the odor of an alcoholic beverage on appellant's breath, and saw that appellant's eyes were red and glassy. Appellant told him that he had just come from a friend's house and that he had not been drinking. Officer Huff had appellant exit his vehicle to perform standard field-sobriety tests to see if he was capable of operating a motor vehicle.

Officer Huff demonstrated the HGN test and gave appellant instructions on how to perform the test. A failing score on the HGN test is four or more clues. Appellant demonstrated six clues, which is the maximum number of clues possible. Appellant also performed poorly on both of the divided-attention tests: the walk-and-turn and the one-leg stand. After appellant failed all three tests, Officer Huff inquired again about whether appellant had ingested alcohol or medication. Appellant advised him that he was taking Ambien, a sedative. The totality of his investigation led Officer Huff to believe that appellant had lost the normal use of his mental and physical faculties and that he was intoxicated. After appellant was arrested for DWI, he refused to provide a sample of his breath.[2]

## II. DISCUSSION

### A. Sufficiency of the Evidence

By his first issue, appellant claims that the evidence is "factually insufficient" to show he drove while intoxicated. Appellant emphasizes that because Officer Huff's "Doppler radar" had to "shoot" through another patrol car to determine appellant's speed

---

[2] In his opening statement, defense counsel told the jury that appellant would testify that he had not taken Ambien on the night that Officer Huff stopped him. According to his opening statement, appellant would explain to the jury that he was traveling home after work, that he was never prescribed Ambien, and that he did not know why he messed up and told Officer Huff that he had taken Ambien. Appellant would then explain that he struggled with obesity and other health issues and that he had taken a drug called Advair on the night that he was stopped. After the State presented its case, however, appellant decided not to testify at trial. Therefore, Officer Huff was the only witness to testify at trial.

3

of travel when Officer Huff first saw appellant, the evidence is factually insufficient to support the jury's verdict. We disagree.

We review both a legal sufficiency challenge and a factual sufficiency challenge under the same *Jackson v. Virginia* sufficiency standard. *See Jackson v. Virginia*, 433 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010) (plurality op.); *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet ref'd). In *Brooks*, the Court of Criminal Appeals eliminated factual sufficiency review of the elements the State is required to prove beyond a reasonable doubt and stated "[i]t bears emphasizing that a rigorous and proper application of the *Jackson v. Virginia* legal sufficiency standard is as exacting a standard as any factual sufficiency standard (especially one that is 'barely distinguishable' or indistinguishable from a *Jackson v. Virginia* legal-sufficiency standard)." *Brooks*, 323 S.W.3d at 905–06. Thus, we no longer refer separately to legal and factual sufficiency review. *See id.*

Under the *Jackson* standard, when conducting a sufficiency review, a reviewing court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt—not whether it believes the evidence at trial established guilt beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 894; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). In doing so, we assess all of the evidence in the light most favorable to the prosecution. *Laster*, 275 S.W.3d at 517 (quoting *Jackson*, 443 U.S. at 319). We must presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326. The jury will resolve questions as to the credibility of witnesses and the weight to be given to their testimony. *State v. Mercier*, 164 S.W.3d 799, 813–14 (Tex. App.—Corpus Christi 2005, pet ref'd); *Moody v. State*, 830 S.W.2d 698, 699–700

4

(Tex. App.—Houston 1992, pet ref'd). This Court will not overturn a verdict due to insufficiency unless the supporting evidence is irrational or unable to support proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991) (en banc).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2010). A person is intoxicated if that person does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of those substances or any other substance into the body. *See id.* § 49.01(2)(A).

In DWI cases, the State may rely solely on circumstantial evidence to establish a conviction, and in order for that evidence to be sufficient, there must be a temporal link between the act of driving and defendant's intoxication. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). For a question of sufficiency, the issue is whether the evidence would allow the trier of fact to find, beyond a reasonable doubt, that a temporal link exists. *Scillitani v. State*, 343 S.W.3d 914, 917 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Circumstantial evidence is as probative as direct evidence when

5

establishing guilt, and the appellate review of circumstantial evidence is the same as used for direct evidence; therefore, a reviewing court draws no distinction between the two. *See Kuciemba*, 310 S.W.3d at 462; *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

After reviewing the evidence, we conclude a rational jury could have found beyond a reasonable doubt that appellant drove while intoxicated. *See Jackson*, 443 U.S. at 326. Officer Huff described his interaction with appellant and why he concluded appellant did not have the normal use of his physical and mental faculties while he was driving. Officer Huff testified that he and another officer had pulled over to the side of the road, with their emergency lights activated for another traffic stop, when appellant chose to "fly by" them "at 68 miles per hour." Officer Huff elaborated that appellant's action indicated "a lack of response time" and a disregard for officer safety. He explained that officers can be killed when the "move-over law" is disregarded in this manner. While Officer Huff conceded on cross-examination that there was a patrol car between his radar gun and appellant when he determined appellant's speed, he expressed confidence in the accuracy of the reading. Officer Huff explained that the Doppler radar is not like a vehicle-specific laser radar that reads in a straight path, but rather a cone of waves that is emitted from the Doppler to determine speed.

Officer Huff testified that once he stopped appellant, he noticed that appellant had the odor of alcohol on his breath and that his eyes were red and glassy. Although appellant denied consuming any alcohol, he admitted he took Ambien two hours before Officer Huff pulled him over. Officer Huff explained that in his training and experience, he had observed individuals who mixed Ambien with alcohol and that it heightened the effects of intoxication.

6

Appellant's refusal to submit to a breathalyzer test was admissible for the jury's consideration. *See* TEX. TRANSP. CODE ANN. § 724.061 (West 2011); *see also Mody v. State*, 2 S.W.3d 652, 655 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). The jury further heard evidence that appellant failed the three field-sobriety tests. Officer Huff performed the HGN test first. This test measures the involuntary jerking of the eyes associated with intoxication. Officer Huff noted that appellant exhibited six clues, which is the maximum number of clues a person can score on this test, with four clues and above indicating a failing score or intoxication. Officer Huff also performed two divided-attention tests: the walk-and-turn test and the one-leg stand. Appellant failed both of these tests, leading Officer Huff to believe that appellant was intoxicated by not having the normal use of his mental and physical faculties.

Appellant's performance of these tests was captured by a video recorder inside Officer Huff's police vehicle. The recording was played for the jury during the trial to aid in their understanding of the tests, and appellant's performance. On cross-examination, appellant's counsel attacked Officer Huff's methods in administering the tests, and he sought to elicit testimony that Officer Huff's HGN certification was expired at the time he administered the test because his last certification allegedly occurred three years earlier during training at the police academy.

After listening to Officer Huff's testimony surrounding appellant's stop, and after viewing the video recording of appellant's performance of the field-sobriety tests, the jury chose to give less weight to appellant's cross-examination, in which he attempted to discredit Officer Huff's testimony, and to give greater weight to the State's evidence. The weighing of the evidence is within the jury's province. *See e.g.*, *Mercier*, 164

7

S.W.3d 799, 813–14.  The evidence is sufficient to support the verdict.  Appellant's first issue is overruled.

## B.   Admission of the HGN Testimony

By his second issue, appellant maintains that the trial court erred in admitting the HGN testimony from Officer Huff because Officer Huff allegedly revealed on cross-examination that his certification to administer the HGN test was expired at the time he administered the HGN test to appellant.  Appellant argues that as a result, the State did not meet its burden to demonstrate Officer Huff was qualified to give expert testimony concerning appellant's performance on the HGN test.

Nystagmus is the involuntary rapid oscillation of the eyeballs.  *See Emerson v. State*, 880 S.W.2d 759, 765 (Tex. Crim. App. 1994) (en banc).  It is well documented that alcohol ingestion causes abnormal HGN and as a result it has been concluded "that the HGN test is the single most effective field-sobriety test in determining whether an individual is alcohol-impaired."  *See id.* at 766 (citing Nat'l Highway Traffic Safety Admin., U.S. Dep't Transp., *Improved Sobriety Testing* 1 (1984)).  For testimony concerning a defendant's performance on the HGN test to be admissible, it must be shown that the witness testifying is qualified as an expert in the administration of the HGN test and its technique.  *Id.* at 779.  "In the case of a police officer or other law enforcement official, this requirement will be satisfied by proof that the officer has received practitioner certification by the State of Texas to administer the HGN."  *Id.*

However, a party's complaint concerning a witness's qualifications to testify must be presented to the trial court by a timely, specific objection, or it is not preserved for appellate review.  *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *see also Wilson v. State*, 7 S.W.3d 136, 145 (Tex. Crim. App. 1999) (holding that request for hearing

8

concerning admissibility of expert testimony under Texas Rule of Evidence 705 and request to voir dire expert witness did not preserve complaint concerning expert's qualifications because no objection to expert qualifications was made during or after hearing on the admissibility of expert testimony); *Curcuru v. State*, No. 13-08-00734-CR, 2010 WL 5020178, at *9 (Tex. App.—Corpus Christi Dec. 9, 2010, no pet.) (mem. op., not designated for publication) (holding timely, specific objection is required to a preserve a complaint concerning an expert witness's qualifications to testify).

In *Neal v. State*, the Texas Court of Criminal Appeals held that the defendant failed to preserve for appellate review his complaint that the state's expert witness was not qualified to render an opinion on whether the defendant was mentally retarded. 256 S.W.3d 264, 279 (Tex. Crim. App. 2008). The defendant filed a motion requesting voir dire of expert witnesses and the trial court held a hearing on the issue of the expert's qualifications. *Id.* The defendant, however, did not object to the admission of the expert's testimony based on inadequate qualifications. *Id.* The Court held that by failing to object once the trial court qualified the expert to testify, the defendant forfeited his right to challenge the admission of the expert's testimony on appeal. *Id.*

In this case, the record shows that appellant failed to preserve his complaint concerning Officer Huff's qualifications for appellate review. After the State made its opening statement, and just after the trial court informed the State that it was permitted to call its first witness, appellant's counsel approached the bench and objected because the State had called Officer Huff an expert in its opening statement. Appellant's counsel informed the trial court that as a result, he was "requesting a *Daubert/Kelly* hearing." The State responded by saying that it could lay the predicate concerning Officer Huff's qualifications prior to asking him about any standardized field-sobriety tests. The State

9

further pointed out that appellant failed to raise this issue by a motion in limine, notwithstanding the fact that the State had given defense counsel notice of its intention to call Officer Huff as an expert witness. After determining that appellant had not earlier filed a request for a hearing, the trial court stated that it would note defense counsel's request for a hearing, but that it would give the State the opportunity to establish Officer Huff's qualifications to testify as an expert during the trial prior to eliciting an expert opinion from Officer Huff.

Officer Huff testified that he completed his training at a police academy three years prior to trial. While at the police academy, Officer Huff received specialized "intoxicated driver . . . [Standardized Field-Sobriety Testing] training," which spanned three days, approximately twenty-four hours. Officer Huff testified that at the time of trial, he was certified in administering the HGN test, and that he did not have to be recertified at any point. Officer Huff testified about the technique and administration of the HGN test and about appellant's test results. During the State's examination of Officer Huff, defense counsel never objected concerning Officer Huff's qualifications or asked to conduct voir dire of Officer Huff. Further, defense counsel did not object to Officer Huff's testimony on direct-examination concerning HGN. When the State attempted to elicit vertical gaze nystagmus (VGN) testimony from Officer Huff, defense counsel objected that this type of testimony was inadmissible without a hearing on the issue of its admissibility. In making his objection concerning VGN, defense counsel told the trial court that HGN testimony is admissible "absent a *Daubert/Kelly*, 702 hearing," but that VGN testimony is not. The State agreed not to elicit the VGN testimony.

The next morning, before commencing his cross-examination of Officer Huff, defense counsel informed the trial court that he would attempt to impeach Officer Huff

10

under title 37, section 221.9 of the Texas Administrative Code, which he stated requires recertification in HGN testing every two years. This conversation occurred outside the presence of the jury. On cross-examination, Officer Huff testified that he could not recall the exact date, during his time at the police academy, that he became certified to administer the HGN. On redirect-examination, Officer Huff testified that he had not received any complaints concerning his certification status; that to his knowledge he was still certified to administer the HGN; and that he received training in administering standardized field-sobriety tests within the prior two years. At no time did defense counsel raise an objection to Officer Huff's allegedly lapsed certification to administer the HGN test, nor did he move to strike Officer Huff's HGN testimony on the basis that he was not qualified to administer the HGN test to appellant.

We conclude that appellant failed to preserve his complaint concerning Officer Huff's qualification to give expert HGN testimony.[3] *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a); *Neal*, 256 S.W.3d at 279. We further note, however, that even had the issue been preserved for review, the record is not clear that Officer Huff was not qualified to testify about the HGN test. Officer Huff testified that he was certified to administer the HGN test at the time he administered it to appellant. Appellant's second issue is overruled.

## C. Modification of the Trial Court's Judgment

In its judgment, the trial court noted that appellant's offense was "DWI 2nd Offender BAC .08." Under "Statute for Offense," the trial court indicated "N/A." The

---

[3] Requesting a hearing on expert qualifications generally does not preserve an objection that the witness was unqualified if there is a failure to object once facts are admitted into evidence showing the alleged lack of qualification. *See Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008). Even though appellant initially objected to Officer Huff's testimony, appellant did not object at the time the testimony was offered, nor did appellant object or move to strike after the testimony was admitted. *See id.*

11

State, however, did not prove appellant's DWI by showing a specific blood-alcohol content ("BAC"), nor was it required to do so under the charging instrument in this case. Rather, the record shows that appellant was prosecuted under sections 49.04 and 49.09 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (a) (West Supp. 2010). We, therefore, modify the trial court's judgment to strike the term "BAC .08" from the offense, and change it to show that appellant was prosecuted under sections 49.04 and 49.09 of the Texas Penal Code. *See id.*

### III. CONCLUSION

As modified, we affirm the trial court's judgment.

 

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2012.